JOHN C. McINTYRE vs. BOSTON AND MAINE RAILROAD.

Suffolk.   November 20, 1894. — March 1, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ

*Personal Injuries — Due Care — Unsafe Appliance — Foreign Law — Negligence — Evidence.*

The law of a sister State is presumed to be the same as our own, when not shown to be different.

In an action by a brakeman for injuries occasioned by the breaking of a defective stake used to hold a load of ties upon a platform car, evidence which shows merely that his employer supplied lumber enough to be sawed for the stakes, and good lumber enough and men enough to prepare them, and that the defective stake was among those so prepared, justifies a finding that the defective stake was there through the negligence of the men whose duty it was to prepare the stakes, and for that negligence at least the employer was liable.

TORT, for personal injuries occasioned to the plaintiff in the State of New Hampshire, while in the defendant's employ as brakeman, by the breaking of a stake inserted in the defendant's freight car.

Trial in the Superior Court, before *Richardson*, J., who directed the jury to return a verdict for the defendant; and the plaintiff alleged exceptions, the material portions of which appear in the opinion.

*B. Hall*, for the plaintiff.

*S. Lincoln & T. Hunt*, for the defendant.

BARKER, J.   There was evidence from which the jury might find that the plaintiff, while in the discharge of duty and using due care, was injured by the breaking of a weak, knotty, worm-eaten, and rotten stake, which was unfit for the use to which it had been put, of holding a load of railroad ties upon a platform car; and from the description of the stake it would be competent for a jury to find that the putting of such a stake to such a use was an act of negligence.   The use of the stake as a means of facilitating the passage of a brakeman from car to car of the train made it the duty of the defendant to use due care to see that it was suitable for that purpose.*   *Coates* v. *Boston & Maine*

---

* The plaintiff testified that he was ordered by the conductor to go forward to set off certain cars as they were approaching a junction; that in

*Railroad,* 153 Mass. 297. A section-master of the defendant road, who was an inspector of ties, testified that the stakes belonged to the defendant, and were placed in position by men in its employment; that the defendant bought the lumber of which the stakes were made, and that it was sawed and the cars were staked under his direction; that the defendant supplied lumber enough, and good lumber enough, for the purposes of stakes, and men enough to prepare them, and that sometimes, but not often, stakes were returned with a car, but usually they were lost. The accident happened in New Hampshire, and three decisions of the Supreme Court of that State were in evidence as showing the law of New Hampshire. These were *Fifield* v. *Northern Railroad,* 42 N. H. 225; *Hanley* v. *Grand Trunk Railway,* 62 N. H. 274; and *Nash* v. *Nashua Iron & Steel Co.* 62 N. H. 406.

These decisions do not show that the doctrine, that intrusting to suitable servants the duty of furnishing suitable appliances for the work does not discharge an employer from the consequences of negligence on the part of such servants in providing safe and suitable appliances, is not the law of New Hampshire. That question was not raised or decided in the decisions which were in evidence, and we must assume that the law of New Hampshire upon the question is the same as our own.

The case is not one where an implement designed for repeated use has been weakened and made unfit for further service by such use; it is rather the case of the furnishing of an implement never fit for use, and evidently unfit. Such a stake could not, without negligence, have been placed where stakes were

---

order to set off these cars it was necessary to disconnect certain box cars from the cars carrying ties. He said: " I was called to go over the train, and in so doing I started down over the two box cars, down the side ladder, and as I went to step across from the box car upon the flat car, I reached my right hand over, taking hold of the stake, putting my right foot under the edge of the tie, and as I let go my left hand to pull myself over the stake broke right off, probably six or eight inches above the stake iron, and I fell to the ground." He also testified that the only safe way for him to cross from the box car to the flat car was by taking hold of the stake, and that there was nothing else on the flat car for him to take hold of; and that the stakes were for the purpose of holding on a load and assisting a man over the train.

kept to be used for the purpose to which this was put.   We need not inquire whether, if it had been taken from a number of sound and suitable stakes provided for that purpose by a workman whose duty it was to equip the car, the careless taking of this stake would have been negligence of a fellow workman the risk of which the plaintiff must stand, or whether negligence in equipping the car with stakes is something for which the defendant is responsible, whether it intrust the work to one person or another.   See *Bushby* v. *New York, Lake Erie, & Western Railroad*, 107 N. Y. 374.

The defendant's evidence falls short of showing that there was a sufficient supply of sound and suitable stakes.   It shows only that the defendant supplied lumber enough to be sawed, and good lumber enough for the purpose, and men enough to prepare the stakes.   That this stake was among those so prepared would justify a finding that it was there through the negligence of the men whose duty it was to prepare them, and for that negligence at least the defendant was answerable.

*Exceptions sustained.*