## MARGARET FLAHERTY *vs.* LEWIS J. POWERS.

Hampden.     September 22, 1896. — October 23, 1896.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Master and Servant — Defective Machine — Assumption of Risk — Evidence — Expert.*

A girl seventeen years old was injured by the spattering of a mixture of gum and caustic soda into her eye from a machine upon which she was working in making envelopes. In an action against her employer for the injury, it appeared that she knew of the tendency of the machine to spatter, and had complained of it. She testified that before the accident the substance burned her face, and that it stained and sometimes made holes in her clothes. The defendant's son testified, "I had just as soon put my hands in it all over, — I have done so"; and later, in answer to the question, "It burned your face, or it burned your dress?" the plaintiff said, "I didn't mean that; I meant that it was getting in my hair; it didn't burn much." She gave other answers to like effect, and also testified that she continued to work for nearly an hour after the accident, and then went home before washing her eye. *Held*, that there was evidence that she did not know or appreciate the danger to eyesight.

In an action for personal injuries caused by the spattering of a mixture of gum and caustic soda into the plaintiff's eye from a machine upon which she was employed by the defendant in making envelopes, after the defendant had put in evidence that the glue would not spatter if properly mixed, and that the

plaintiff was to blame if the mixture was wrong, the plaintiff was allowed to ask a witness how the machine ran the day before, and as to the proper consistency of the substance in order to have the machine work rightly, which questions were answered, in effect, that when the substance was of the right thickness the machine always spattered; and also to show by another witness that the glue had to be prepared to stick on the envelopes. *Held*, that this evidence was admissible.

At the trial of an action for personal injuries caused by the spattering of a mixture of gum and caustic soda into the plaintiff's eye from a machine used in making envelopes, a witness called as an expert, who does not know the machine otherwise than from hearsay, cannot be allowed to testify as to whether looseness of the gum box would affect the spattering, or whether the principle of all the machines with reference to gumming is practically the same; and a question to a medical expert, in substance, if an eye was inflamed violently for two weeks, and caustic soda had got into it two months before and there never had been any trouble with the eye up to that time, what he would say was the cause, is not open to objection.

TORT, for personal injuries occasioned to the plaintiff, who was seventeen years old, by the spattering of a mixture of gum and caustic soda into her eye while operating, in the defendant's employ, a machine used in making envelopes. At the trial in the Superior Court, before *Dewey*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

*W. Hamilton*, ( *W. H. Brooks* with him,) for the defendant.

*A. L. Green*, for the plaintiff.

HOLMES, J. We are to take it that the plaintiff was injured by the spattering of a mixture of gum and caustic soda into her eye from a machine at which she was working, and that she knew of the tendency of the machine to spatter, and had complained of it. The only question is, whether she knew of the danger to eyesight in case the soda got into her eye. If she did not, and if the defendant had no right to assume that she did, she was entitled to go to the jury. She certainly testified that before the accident the soda burned her face, and that it stained and sometimes made holes in her clothes. But the substance was to be put on envelopes, and hardly can have been strong enough to do much burning. The defendant's son said, " I had just as soon put my hands in it all over, — I have done so "; and later, in answer to the question, " It burned your face, or it burned your dress ? " the plaintiff said, " I didn't mean that; I meant that it was getting in my hair; it did n't burn

much." She gave other answers to like effect, and as she also testified that she continued to work for nearly an hour after the accident and then went home before washing her eye, there is some ground for thinking that she did not understand the risk she was running, if her story is true. We cannot say that the danger was so manifest according to common experience that the plaintiff must be assumed to have known it, or that her testimony precludes an argument that she did not know it in fact.

Exceptions were taken to questions to a witness, Lewis, as to how the machine ran the day before, and as to the proper consistency of the substance in order to have the machine work rightly, which were answered, in effect, that when the substance was of the right thickness the machine always spattered. The defendant had put in evidence that the glue would not spatter if properly mixed, and that the plaintiff was to blame if the mixture was wrong. It was open to the plaintiff to contradict this evidence, and it was permissible to show the habit of the machine to spatter down to just before the accident, not only on the question of the defendant's knowledge of the danger, but also on that of the behavior of the machine at the time of the accident. *Shea* v. *Glendale Elastic Fabrics Co.* 162 Mass. 463. *Bemis* v. *Temple,* 162 Mass. 342. *Reeve* v. *Dennett,* 145 Mass. 23, 28. The evidence of another witness, that the glue had to be prepared to stick on the envelope, was a step in the explanation of what was the proper consistency of the glue.

An expert was called by the defendant, but as it did not appear that he knew the machine otherwise than from hearsay, or, as in *Lang* v. *Terry,* 163 Mass. 138, what kind of a machine he assumed it to be, he properly was not allowed to testify as to whether looseness of the gum box would affect the spattering. Then it was attempted to make his testimony competent by asking him whether the principle of all the machines with reference to gumming is practically the same. But, technically, this took his knowledge of the machine for granted, since, unless he could say on some ground that this machine was like others, he could not answer the question. As the very object of it was to prove his knowledge, the result could not be reached in that way.

The question to the medical expert was, in substance, if an eye was inflamed violently for two weeks, and caustic soda had got into it two months before, and there never had been any trouble with the eye up to that time, what he would say was the cause.  The question was well enough, although to be instructive it would have been proper to add to the hypothesis that the inflammation had begun immediately after the soda had got into the eye, that being the testimony in the case.  See *Commonwealth* v. *Mullins*, 2 Allen, 295 ; *Benjamin* v. *Holyoke Street Railway*, 160 Mass. 3.          *Exceptions overruled.*