JACOB SPAULDING *vs.* FORBES LITHOGRAPH MANUFACTURING COMPANY.

Suffolk.  March 14, 15, 1898. — May 20, 1898. ·

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Personal Injuries — Obvious Risk — Evidence of similar Occurrences — Trap.*

At the trial of an action for personal injuries sustained by the plaintiff while in the employ of the defendant, there was evidence that it was the plaintiff's duty to remove cards, as printed, from a lithographic press, in doing which he sat with his left side toward a revolving cylinder on which the cards were placed, and when the cylinder stopped, as it did automatically after each card was printed, he removed the card, another card was put upon it by another operative, and the cylinder revolved again; that the cylinder was covered by an

iron mask while revolving, which lifted just long enough for the change of cards and closed again before the new revolution; that the plaintiff's hand was caught by the iron mask as it closed, and was injured; that the plaintiff had formerly used his left hand, that being nearest to the cylinder, to remove the cards until told by the man over him to use his right hand; that in obeying the order he leaned his body more to the left, and in so doing his seat tipped up, *threw him against the machine and caused the accident;* that the seat was a board four or five feet long, supported by four fixed iron rods fitted loosely into holes on the under side of the board, which rested on them unattached; that the rods were three or four inches from the end of the board nearest the cylinder and the distance between the end of the board and the cylinder was twelve or fourteen inches; and that the plaintiff was ignorant of the tendency of the seat to tip. *Held,* that the defendant was liable at common law.

At the trial of an action for personal injuries sustained by the plaintiff while in the employ of the defendant, evidence is admissible that a seat, on which he sat at his work, and by the tipping of which the accident happened, had *tipped before,* and that the fact was *known to the man authorized by the defendant to instruct and order the plaintiff in its use.*

At the trial of an action for personal injuries sustained by the plaintiff while in the employ of the defendant, while obeying the order of a person over him and who was authorized to instruct and direct him, evidence by another operative of orders given by such person is competent for the purpose of showing his authority.

TORT, for personal injuries sustained by the plaintiff while in the employ of the defendant. At the trial in the Superior Court, before *Maynard,* J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions. The material facts appear in the opinion.

*J. Lowell & J. A. Lowell,* for the defendant.

*P. M. Keating,* for the plaintiff.

HOLMES, J. This is an action of tort at common law for personal injuries. The plaintiff was employed by the defendant to remove cards as printed from a lithographic press, and to cover them with tissue paper. To do this he sat with his left side toward a revolving cylinder on which the cards were placed, and when the cylinder stopped, as it did automatically after each card was printed, he removed the card, another one was put upon it by another boy, and the cylinder revolved again. The cylinder was covered by an iron mask while revolving, which lifted just long enough for the change of cards and closed again before the new revolution. The plaintiff's hand was caught by this iron mask as it closed, and he was severely hurt. According to the plaintiff's testimony he had been using his left hand to remove the cards, that being the nearest to the cylinder,

but one Lehan, the man immediately over him, told him to use his right.  This he did, and by doing it necessarily leaned his body more to the left.  The seat tipped up, threw him against the machine, and in that way caused the accident.  The seat was a board four or five feet long, and was supported by four fixed iron rods fitted loosely into holes on the under side of the board, which rested on them unattached.  There was evidence that the rods were three or four inches from the end of the board nearest the cylinder.  The distance between the end of the board and the cylinder was twelve or fourteen inches.  The plaintiff had a verdict, and the case is here on the defendant's exceptions, the most important of which is to the judge's refusal to take the case from the jury.  The others are to the admission of evidence.

We are of opinion that the plaintiff is entitled to retain his verdict.  A seat such as we have described in connection with the automatically opening and shutting jaw of the cylinder mask make as clear a case of a trap as can be imagined, especially when the sitter is directed to do an act most likely to cause the seat to tip at the very moment when the jaw opens and shuts.  It appears from the plaintiff's testimony that he did not know of the liability of the board to behave as it did, and the risk seems to us far from obvious.  The amount of leverage of the projecting edge of the board could be ascertained only by looking under the seat, and there was nothing calling on the plaintiff to do that unless he knew that the board was unattached.  On the other hand, the arrangement of the structure was a matter which at least the jury well might have found that the defendant knew, or ought to have known, even apart from the fact that it was known to the man Lehan, who gave the plaintiff the order or instruction how to sit.

The negligent order of a servant for which the defendant was held not liable in *Kalleck* v. *Deering*, 161 Mass. 469, was an order to do a transitory act in the use of a contrivance for which the defendant was not responsible.  So *Moody* v. *Hamilton Manuf. Co.* 159 Mass. 70, was a case of an order to do a transitory act in moving a carboy of vitriol which broke.  And in *O'Brien* v. *Rideout*, 161 Mass. 170, the order set the plaintiff to different work from that for which the defendant hired him.

But whether the direction of Lehan be called an order or an instruction, it concerned the mode of using the permanent machinery for which the defendant was responsible; and if it was an order, the defendant might be held liable for not seeing that the plaintiff was warned in connection with the duty imposed upon him, if it was an instruction, for leading him into a trap. Possibly the plaintiff's injury might be attributed to the defendant's maintaining the trap, even if its responsibility was in no way affected or enlarged by Lehan's words. The defendant might be held answerable, whatever the particular accident which led to the plaintiff's throwing his weight on the end of the board.

An exception was taken to evidence showing that the seat had tipped before, and that Lehan knew it. Lehan was the person deputed to instruct and authorized to order the plaintiff. His knowledge when giving instructions or orders was the knowledge of the defendant, and could be proved, even if superfluous. The fact that the seat had tipped before when a boy was working upon it was admissible, without more special evidence of the circumstances. The jury would have been warranted in presuming that they were similar enough to the present to be instructive as to what happened to the plaintiff, and to show that the accident was one that ought to have been looked out for. *Flaherty* v. *Powers*, 167 Mass. 61, 63.

Exception was taken to a question put to a witness as to orders given by Lehan, as a means of showing that he had authority by the fact of his exercising it. We perceive no reason for the objection, or for any other objection to the evidence admitted.

*Exceptions overruled.*