GEORGE E. LITTLEFIELD *vs.* EDWARD P. ALLIS COMPANY.

Suffolk.   March 7, 1900. — November 27, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Personal Injuries — Negligence — Assumption of Risk — Law and Fact.*

At the trial of an action for personal injuries it appeared that a piece of flat iron used as a buffer to receive the blow and protect the heads of bolts driven into the hubs of fly-wheels by a "dolly bar" having been discarded, and search hav-

ing been made for something else, nothing better was found than a piece of iron piping, which is the least desirable of all appliances, because of its brittleness and its tendency to fly; that the plaintiff, who was one of those engaged in the work, was thirty years of age and of average intelligence; that before the time of the injury he had never worked at driving bolts into fly-wheels or had ever seen it done, and there was nothing which tended to show that he was familiar with the work, or that he knew or ought to have known that the piece of piping was more brittle than the piece of wrought iron and more liable to splinter and fly; and he testified that before the accident he had not seen any part of it break and fly. In this he was corroborated by another witness. *Held,* that there was evidence of negligence on the part of the defendant, and that it could not be said, as matter of law, that the plaintiff assumed the risk.

TORT, for personal injuries occasioned to the plaintiff by a chip of iron striking his eye while he was engaged in the defendant's employ in driving a bolt into the hub of a fly-wheel. The accident occurred between four and five o'clock in the morning in the power-house of the West End Street Railway Company. At the trial in the Superior Court, before *Bond, J.,* the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

The case was argued at the bar in March, 1900, and afterwards was submitted on briefs to all the justices.

*A. Hemenway,* (*G. C. Dickson* with him,) for the defendant.

*P. M. Keating,* for the plaintiff.

MORTON, J. This is an action to recover of the defendant for injuries sustained by the plaintiff while in its employment. The declaration contains four counts, the first three being under the employers' liability act, St. 1887, c. 270, and the fourth at common law. The court ordered a verdict for the defendant on the first and second counts, and the jury returned a verdict for the plaintiff on the fourth count and for the defendant on the third count. The case is here on exceptions by the defendant to the admission of certain testimony, to the refusal of the court to give certain rulings that were asked for, amongst which was one that on all the evidence the plaintiff was not entitled to recover, and to the charge, first, generally so far as inconsistent with the requests; and, second, specifically in regard to certain particular matters.

None of the exceptions to the admission of evidence have been argued, and we therefore treat them as waived.

The substantial allegations in the fourth count are that the

defendant was negligent in not providing safe and suitable tools, materials, and appliances for use, in not providing a safe and suitable place for the plaintiff to work in, and in employing incompetent servants.

We see no evidence, and the plaintiff has not contended that there is any, of negligence on the part of the defendant in not providing a safe and suitable place for the plaintiff to work in, or tending to show that the servants employed by it were incompetent.

Some of the instructions that were asked for were given in substance, and one, the third, became immaterial in consequence of the order of the court directing a verdict for the defendant on the first and second counts, and of the verdict of the jury for the defendant on the third count.  For the same reason some of the specific objections to the charge became immaterial.

The case resolves itself, it seems to us, into the question whether there was any evidence of negligence on the part of the defendant in not providing safe and suitable tools, materials, and appliances for the work in which the plaintiff and those with him were engaged ; and if there was, whether the plaintiff was in the exercise of due care or assumed the risk.  The defendant does not contend, and, as we understand the case, has not contended, that there was not evidence warranting a finding that the plaintiff was in the exercise of due care.  If there was evidence of negligence on the part of the defendant, and the plaintiff did not assume the risk, we do not understand the defendant to contend that the instructions given to the jury were erroneous, or that they were not adapted to and did not fully cover the case.  At least, our attention has not been directed by the defendant to any particular request which in that view of the case should have been given, or to any particular part of the charge which in that view of the case was erroneous and insufficient.

1. There was evidence tending to show that in driving bolts into the hubs of fly-wheels by means of a " dolly bar," a buffer of some sort was used for the purposes of receiving the blow and protecting the head of the bolt.  Maynard, who, as much as any one, had charge of the work, and who had been in the defendant's employ for many years, testified that they always used a buffer, and there was similar testimony from other witnesses

who had worked or were working for other parties. The buffers were of copper, Babbitt metal, flat wrought iron bars, or piping; the order of naming being that of preference. Piping was regarded as the least desirable, because of its brittleness and its tendency to fly. One witness testified that copper hammers had been made "for a number of years purposely to use as buffers on just that sort of work." The use of a buffer by Maynard was not, therefore, a mere transitory incident of the work which the defendant could have had no reason to anticipate or provide for, but was necessary in the usual and proper performance of the work in which the plaintiff and those with him were engaged. The duty of seeing that reasonably safe and suitable tools, materials, and appliances were furnished for use as buffers was one which belonged to the defendant, and which it could not delegate so as to avoid liability. Maynard's act in directing the piece of pipe to be used as a buffer must be deemed under the circumstances, therefore, to have been the act of the defendant, and the negligence, if any, to have been its negligence. It was for the jury to say whether there was negligence on the part of the defendant in failing to provide proper tools, materials, and appliances for use as buffers, and whether the plaintiff's injury was the result of such negligence. It could not have been ruled as matter of law, we think, that there was no evidence of such negligence. *McIntyre* v. *Boston & Maine Railroad*, 163 Mass. 189. *Twomey* v. *Swift*, 163 Mass. 273. *Kalleck* v. *Deering*, 169 Mass. 200. The work was being done in the power-house of the West End Street Railway Company, and there was evidence that when the piece of flat iron used as a buffer was worn out, search was made for something else, and nothing better could be found than the iron piping.

2. Neither do we see how it could have been ruled, as matter of law, that the plaintiff assumed the risk. The plaintiff was thirty years old, and for aught that appears was of average intelligence. But there was testimony tending to show that before the night on which he was injured he had never worked at driving bolts into fly-wheels, or had ever seen it done; and there was nothing in his previous history which necessarily tended to show that he was familiar with the kind of work which the defendant was doing. His work, as he testified, engaged his atten-

tion.    Another witness testified that it was " hard work."    The plaintiff knew, or at least it could have been found that he ought to have known, that the buffer wore away under the repeated blows of the " dolly bar."    But there was nothing to show that he knew, or ought to have known, that the piece of piping was more brittle than the piece of wrought iron, and more liable to splinter and fly ; and he testified that, before the accident, he had not seen any part of it break and fly.    In this he was corroborated by another witness.    We think, therefore, that it cannot be said that the risk was obvious and that the plaintiff assumed it.    *Fitzgerald* v. *Connecticut River Paper Co.* 155 Mass. 155.    *Coan* v. *Marlborough,* 164 Mass. 206.    *Flaherty* v. *Powers,* 167 Mass. 61.    *Spaulding* v. *Forbes Lithograph Manuf. Co.* 171 Mass. 271.    *Austin* v. *Fitchburg Railroad,* 172 Mass. 484.

*Exceptions overruled.*