MICHAEL SHANNON, APPELLEE, V. SWIFT & COMPANY ET AL.,
APPELLANTS.

FILED JUNE 5, 1915. No. 18134.

1. **Master and Servant**: INJURY TO SERVANT: NEGLIGENCE: QUESTION FOR
JURY. Plaintiff was ordered by his employer to pour caustic soda
into a washing machine while the same was in motion. As a
result of so doing, some of the substance splashed into and injured
his eye. *Held*, that the question whether, under all the circum-
stances in evidence, such a direction constituted negligence, and
whether the plaintiff knew, or by the exercise of reasonable care
on his part ought to have known, that it was dangerous so to do,
were questions for the jury under proper instructions.

2. ———: ———: ———: ———. In his testimony plaintiff denied
knowledge of the dangerous and corrosive nature of caustic soda,
though he admitted he knew it was always handled with tongs
while in the dry state, and with buckets or dippers when liquefied,
and that it was used as a washing fluid and in the making of soap.
*Held*, that it was not erroneous to submit to the jury the question
whether or not it was negligence on the part of the master to fail
to warn him of the dangers incident to the use of that substance.

APPEAL from the district court for Douglas county:
LEE S. ESTELLE, JUDGE. *Affirmed.*

*Greene, Breckenridge, Gurley & Woodrough,* for appel-
lants.

*Herbert J. Connell* and *James C. Kinsler, contra.*

LETTON, J.

This was an action against Swift & Company and
Thomas Smith, its foreman, for damages resulting from
the splashing of caustic soda into the eye of plaintiff from
a washing machine which he was operating in the laun-
dry of defendant. He recovered a judgment for $2,500
against both defendants, from which judgment they ap-
peal.

The evidence on behalf of plaintiff is to the effect that
there were two washing machines in the laundry which

were used to wash the greasy clothes of the workmen. Each machine consisted of an outer stationary box or jacket in which a copper cylinder perforated with holes revolved, part of the time in one direction and part of the time in the reverse. Soap and liquid caustic soda were placed in the water in which the cylinder revolved, and the clothes were placed in the cylinder. The cylinder and the reversing action were operated by gears and cogs which were out of order, so that it was necessary that they be tied together with a piece of rope or string. This was frequently broken and often required to be retied. At the time plaintiff was employed he was told by the foreman that one Frank Horcka, who was working in the laundry, would show him what to do. Horcka showed him how to place the clothes in the cylinder, and told him to put in the soap and caustic soda in the machine while it was stationary. One day when Horcka was absent the foreman ordered him not to put the soda into the machine until it was in motion. He continued to operate the machine in this manner, putting the soda in while it was in motion, for about four or five weeks. As he was pouring it in at the time of the accident, a sudden rattling noise occurred at the gears by reason of the rope giving way. He involuntarily glanced at them, and as he turned back to look at the cylinder, which was jerking and moving irregularly, some caustic soda splashed into his eye, causing severe pain. He afterwards was treated by two or three physicians. The eyeball became attached to the eyelid, and it became necessary that an operation be performed by a specialist to separate it and graft mucous membrane into the eyelid. He still suffers to some extent from double vision on account of a partial attachment of the eyeball which still exists.

For the defendants, the foreman denied that he had ever instructed plaintiff to use the soda in the machine, either when in operation or not, and testified that the only purpose for which caustic soda was used in the plant was to make soap to be used in the machines.

The principal allegations of negligence in the petition are the defective condition of the machine, failure to warn plaintiff of the dangerous nature of the caustic soda, and a negligent order to pour it into the machine while in motion. The answer denies that the machine was defective, avers that the risks of the service were obvious and were assumed, and that the injury was produced by plaintiff's carelessness in using soda instead of soap in the manner described. At the conclusion of the evidence the district court, in substance, told the jury that, if they found from the evidence that the foreman directed the plaintiff to put the solution of caustic soda into the machine while it was in motion, and if they found that this was negligence, and that the negligence was the proximate cause of plaintiff's injuries, or that, if the plaintiff had proved to them by a preponderance of the testimony that he did not know the dangerous character of such a solution, and that the defendants knew or should have known this, and failed or neglected to notify him of the danger, and that such failure was negligence which was the proximate cause of the injury, they should find for the plaintiff.

Defendants complain that the question of whether plaintiff assumed the risk of the use of caustic soda was not submitted to the jury on account of the refusal of the court to give instruction No. 2 requested by it, but the court of its own motion told the jury: "If you find from a preponderance of the evidence that it was dangerous to pour caustic soda into the cylinder while it was in motion, and that this was known to the plaintiff, or that, by the exercise of reasonable care on his part, he ought to have known that it was dangerous, and with this knowledge he poured the solution in the cylinder while it was in motion at the time he was injured, then it would be your duty to find a verdict for the defendants in the case." This covers the point so far as required in the case, because if plaintiff ought to have known it was dangerous to thus use the soda the result of the instruction is to hold that, under the law, plaintiff assumed the risk of using it. The mere fact that the court did not use the technical words "as-

sumed the risk of injury in the use of caustic soda in the manner testified to by him," employed in the rejected instruction tendered, is not material.

Defendants contend that there was not sufficient evidence that the plaintiff was unaware of the corrosive nature of caustic soda to justify the submission to the jury of the question whether it was the duty of defendants to warn him of the dangers of its use. Plaintiff denied knowledge of its dangerous character, and this is only rebutted by his admission on cross-examination that he knew it was always handled with tongs when dry, or with buckets or dippers when liquefied, and that it was used as a washing fluid and in the making of soap. He might be aware of all these facts, and yet not know its powerful effect as a solvent of living tissue, and that it would sear and destroy the mucous membrane when it came in contact with it. We see no error in the submission of the question. *Adams v. Grand Rapids Refrigerator Co.,* 160 Mich. 590, 19 Am. & Eng. Ann. Cas. 1152, note, p. 1154; *Flaherty v. Powers,* 167 Mass. 61; *Elliff v. Oregon R. & N. Co.,* 53 Or. 66; *Wagner v. Jayne Chemical Co.,* 147 Pa. St. 475. See, also, note 35 L. R. A. n. s. 679.

Defendants say: "It will be seen that the only controverted material fact in the case is whether Smith told Shannon to pour caustic soda into the machine while it was moving." As to this there is a direct conflict in the evidence, and the verdict settles the fact for this review that he was so ordered. Does the evidence warrant a finding that such a direction was negligent? This is really the crucial point in the case. Defendants insist that it was not, and that it was therefore error to refuse to direct a verdict in their favor. The question is not free from doubt, but, considering all the facts established as testified to by the plaintiff, we believe that it was a question for the jury to determine.

A few other errors are assigned, but we find no reversible error on any of the rulings complained of.

It is complained that the verdict is excessive. The judgment is for $2,500. Considering the pain and suffering of

defendant, his loss of three months' time, and the fact he is still suffering from double vision, we think the verdict is not so excessive as that it must have been the result of passion or prejudice.

The judgment of the district court is

AFFIRMED.

ROSE, SEDGWICK and HAMER, JJ., not sitting.