THOMAS F. POWER *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk. March 5, 1928. — May 26, 1928.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Negligence,* Elevated railway.

Where, at the trial of an action against an elevated railway company for personal injuries received when the plaintiff, a passenger at a station, was pushed against a car in a train which had stopped for passengers, placed his hand against an opening door and was unable to remove it before it was caught between the door and the casing into which the door was sliding, there was no evidence that the guard knew or was careless in not knowing that the hand was in a place of danger, and nothing to show that the crowd striving to enter and pushing the plaintiff was unusual and called for special precautions on the part of the defendant and its servants, it was proper to order a verdict for the defendant.

TORT for personal injuries. Writ dated April 21, 1924.

In the Superior Court, the action was tried before *Williams,* J. Material evidence is stated in the opinion. The judge ordered a verdict for the defendant. The plaintiff alleged exceptions.

*H. R. Donaghue,* for the plaintiff.

*R. L. Mapplebeck,* for the defendant.

WAIT, J. The undisputed evidence showed that the plaintiff was injured because, pushed against a car in a train which had just stopped for passengers, he placed his hand against an opening door and was unable to remove it before it was caught and jammed between the door and the casing into which the door slides in opening.

There is no evidence that the guard knew or was careless in not knowing that the hand was in a place of danger, and nothing to show that the crowd striving to enter and pushing the plaintiff against the door was unusual and called for special precautions on the part of the defendant and its servants. The motion of the door was that usual to opening doors, and would not justify an inference of want of repair or careless handling.

The judge was not in error in directing a verdict for the defendants. The accident was a mishap of travel not due to negligence.

*Exceptions overruled.*