GEORGIANNA M. SWEENEY *vs.* BOSTON AND MAINE RAILROAD
(and eight companion cases[1]).

Worcester. September 27, 1960. — November 8, 1960.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE, &
CUTTER, JJ.

*Evidence,* Relevancy and materiality, Judicial discretion. *Practice, Civil,*
Charge to jury. *Negligence,* Railroad: sudden stop.

At the trial of an action against a railroad for personal injuries sus-
tained by a passenger on an excursion train proceeding from a city to
another city when the train stopped suddenly with "a terrific jerk" in
the railroad's yard at the second city, there was on the record no error
in excluding certain evidence as to sudden jolts and jerks and an abrupt
stop on the subsequent return trip to the first city. [358–359]

At the trial of an action against a railroad by a passenger on a train for
personal injuries sustained when the train stopped suddenly with "a
terrific jerk" in the railroad's yard at its destination, certain instruc-
tions to the jury permitting a finding of negligence on the part of the
railroad in the absence of proof by it of a reasonable explanation for
the sudden stop were sufficiently favorable to the plaintiff. [360]

NINE ACTIONS OF TORT. Writs in the Superior Court
dated on sundry days in 1956, 1957, and 1958.

The actions were tried before *Bolster, J.*

*Seymour Weinstein,* for the plaintiffs.

*James C. Donnelly, Jr., (Edward F. O'Brien* with him,)
for the defendant.

WHITTEMORE, J. The plaintiffs were injured on the eve-
ning of February 24, 1956, when the defendant's special,
thirteen car train, in which the plaintiffs, as part of a large
party, were travelling from Worcester to Boston to see the
Ice Follies, came to a sudden stop in the North Station
yards with a resulting very severe jolt, "a terrific jerk," in
the last two cars.

---

[1] The companion cases are by Marguerite E. Donnelly and another, Irene A.
McCann and another, Roland Bedard, Hazel F. Labelle and another, George T.
Partridge, executor, Richard Paine and another, Joseph Monfredo and an-
other, and Gertrude Bongovio and others against the same defendant.

The jury answered to a special question that the defendant was not negligent, and the judge then directed verdicts for the defendant.

There was no error in the exclusion of testimony to the effect that on the return trip to Worcester, with another engine and engineer, each time the train slowed down or the brakes were applied there were sudden jolts and jerks, that the train came to a sudden, jerking, unusual stop about 300 yards from the Worcester station, and that the passengers were thereupon required to leave the train. At best the admission of such evidence was in the judge's discretion. *Robitaille* v. *Netoco Community Theatre of No. Attleboro, Inc.* 305 Mass. 265.

There is nothing in the plaintiffs' contention that the evidence was made competent by the prior testimony of the engineer to the effect that if on reapplication of the brakes they again set suddenly in emergency position he would know it was a "kicker," that is, a sudden release of air upon an ordinary application of the brakes due to dirt or rust in the brake mechanism of one of the cars. The plain inference, if not the direct import, of the testimony was that the engineer was referring to an immediate reapplication of the brakes, a test under the same conditions. This was confirmed by the engineer's later testimony, after the exclusion of the question discussed below, that "the air pressure came back so he knew that there was not a kicker." There was and could have been no offer to show that essential conditions were the same; it did not appear that the jolts or the sudden stop on the return trip were due to an unexpected loss of air, or uncontrolled braking. Compare *Tremblay* v. *Harnden,* 162 Mass. 383, 384; *Flaherty* v. *Powers,* 167 Mass. 61, 63; *Edward Rose Co.* v. *Globe & Rutgers Fire Ins. Co.* 262 Mass. 469, 472. At best the tendency of the offered proof was to confirm that the train was old and in poor condition; the thrust of this was away from proof of a particular defect.

The statement in the charge that "evidence as to the condition of the equipment before the stop and after the stop

at times other than at the time of the stop . . . is something from which you can draw . . . any reasonable inference'' properly applied to such evidence as was in the cases; it did not, as the plaintiffs contend, show that the judge should have let in evidence of what happened on the return trip.

There was no error in excluding the question to the engineer ''Well, let's assume . . . that on the return trip that night . . . the train again jerked and . . . came to an abrupt stop . . . would that indicate to you what the reason for this was?'' Counsel asked that the question be judged in the light of his offer to prove by other evidence ''that on the return trip . . . one of the cars clouded up in smoke and it was necessary to stop the train along the countryside'' and men worked ''on the apparatus beneath the car,'' that on the return trip the train jerked when it slowed down, that when the brakes were applied in the Worcester yards ''there was another jumping and jolting and that the people screamed inside the train and . . . the train stopped . . . [in] the yards.'' This was not an appropriate question to clarify or amplify the engineer's prior testimony in respect of the time within which a recurrence of a kicker would be significant, even if it might have served to do so. Furthermore, the engineer had been testifying in respect of a sudden emergency setting of the brakes notwithstanding that the controls did not call for that action. Neither the question nor the offered proof included this essential fact. The exclusion of the question was in the wise exercise of the judge's discretion. *Taylor* v. *Creeley,* 257 Mass. 21, 27. *Sullivan* v. *Brabason,* 264 Mass. 276, 288–289. *Commonwealth* v. *Noxon,* 319 Mass. 495, 538. Compare *Phillips* v. *Lockey Piano Case Co.* 205 Mass. 59, 63; *Greene* v. *Boston Elev. Ry.* 207 Mass. 467, 477. The judge's inquiry whether any plaintiff claimed injuries because of anything occurring on the trip back shows his consideration of a possible independent ground for admission of the question; it does not lessen the propriety of the judge's ruling on the question in the aspect on which the plaintiffs rely.

The plaintiffs show no prejudice in the charge in respect to proof of negligence. The charge as a whole in this aspect was at least as favorable as the plaintiffs had a right to ask. The jury were told that '' [i]f you cannot find any particular act of negligence . . . but if you find there was this sudden stop on this private way, then that in itself is evidence of negligence, and unless the railroad has offered to you a reasonable explanation for that sudden stop, then the plaintiffs are similarly entitled to your verdict, subject to . . . [contributory negligence, which] I am coming to.'' The statements that the jury should determine what was the cause of the train stopping and that they could consider any acts of the railroad's negligence which they felt were established on the evidence to their reasonable satisfaction were reasonably related in context to the reiteration of the rule that inferred negligence is sufficient to support a verdict for the plaintiffs.

*Exceptions overruled.*