JOHN A. WHIPPEN, JR., & another *vs.* MASSACHUSETTS BAY
TRANSPORTATION AUTHORITY.

Suffolk.   March 5, 1968. — April 1, 1968.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Negligence,* Street railway: sudden stop; exposed mechanism. *Practice,*
   *Civil,* Auditor: damages.

A finding of negligence on the part of the proprietor of a bus toward a
   passenger therein was warranted by evidence that the bus was crowded,
   with such passenger and others standing near the rear doors, that the
   cover on the mechanism for opening the doors was missing and the
   mechanism was exposed, that the bus, while in a station of the pro-
   prietor, stopped "suddenly and abruptly" at an unusual place, caus-
   ing the passenger to lose his grip on a stanchion, to be thrown toward
   the doors, and to put his hand out for support, and that as he did so
   the doors opened suddenly and his hand was caught and injured by
   the exposed moving mechanism.   [100–101]
In an action for personal injuries, where there were a reference to an
   auditor, findings not final, and his report with ultimate findings for
   the defendant in 1964 prior to the amendment of Rule 86 of the
   Superior Court (1954) effective December 1, 1964, it was proper at
   a trial of the action in 1967 to exclude a paragraph of the report
   relating to damages in reading the report to the jury.   [101]

TORT.   Writ in the Superior Court dated November 14,
1962.

There were a reference to an auditor, findings not final,
and his report with ultimate findings for the defendant in
1964 prior to December 1.   The action was tried before
*Forte,* J., in 1967.

*Vincent Galvin* for the plaintiffs.

*Baron H. Martin* for the defendant.

WHITTEMORE, J.   The plaintiffs in this action of tort for
personal injuries to the minor plaintiff (hereinafter the
plaintiff) and his father's consequential damages present ex-
ceptions to the direction of verdicts for the defendant.   The
jury could have found that the plaintiff, a sophomore student
at English High School, Boston, on May 14, 1962, at the

end of his school session about 2:30 P.M. boarded the defendant's bus at the direction of the defendant's employee on the corner of Huntington and Longwood avenues. The bus was filled and about forty students were standing. He stood, with school books in one hand, holding a stanchion near the rear stairwell of the vehicle in a "protective grip." Another student stood below him in the well and others were crowded near him. The plaintiff noticed that the sheet metal covering of the door opening mechanism on the rear doors near him was missing and that the bearings and movable parts were exposed. The mechanism was about at eye level with him and slightly more than an arm's reach away.

The bus proceeded without stopping to the Dudley Street station, lower level, where it made a turn and stopped "suddenly and abruptly" within the station and not at the usual stopping place. The plaintiff did not expect and had no reason to expect such a stop. It caused him to lose his grip on the stanchion. He was thrown forward and as the bus settled back, he was thrown toward the stairwell. The other standing student passengers were similarly thrown. In order to protect himself, after losing his grip and to avoid falling down the stairwell and onto the boy below him, the plaintiff instinctively put his hand up and out for support. As he did so, the doors of the bus suddenly opened and his hand was caught in the exposed moving mechanism. The plaintiff testified that he was not pushed by other passengers and that everyone was thrown by the movements of the bus.

The report of an auditor whose findings were not final was read to the jury with the exception of a paragraph relating to damages. There were findings that the bus did make a sudden and unexpected stop, that the opening of the doors "was in some way responsible" for the injury, and that the defendant was not negligent.

In the view of a majority of the court, it was error to direct verdicts. As the sudden stop was in the defendant's reservation the plaintiff to recover did not have to show

that it was not due to an emergency traffic condition. *Gray* v. *Boston Elev. Ry.* 251. Mass. 167, 169. *Sweeney* v. *Boston & Maine R.R.* 341 Mass. 357, 360. Compare *Cuddyer* v. *Boston Elev. Ry.* 314 Mass. 680, 682–685; *Spiller* v. *Metropolitan Transit Authy.* 348 Mass. 576, 577.

A sudden stop sufficient to break a firm grip has been ruled sufficient to support a finding of negligence. *McRae* v. *Boston Elev. Ry.* 276 Mass. 82, 83–84, and cases cited. *Johnson* v. *Berkshire St. Ry.* 292 Mass. 311, 312–313.

The many cases as to sudden stops are not all easily reconciled. It is a question of degree in each case. *Mathieu* v. *Springfield St. Ry.* 328 Mass. 13, 14. But there was further evidence of negligence. The jury could find that the absence of the metal cover was visible on reasonable inspection. The bus was loaded and sent off by a starter. Injury from the operation of the exposed mechanism, within the easy reach of standing passengers, was a foreseeable risk of filling the bus as this one was filled and crowding standees in close proximity to the doors. Also the jury could have found that the operator should have had knowledge of the condition by his own inspection or by information from another who inspected the bus and should not have opened the doors immediately after the sudden stop and before passengers could recover equilibrium. Compare *Power* v. *Boston Elev. Ry.* 263 Mass. 553, 554.

It was not error to exclude the paragraph in the auditor's report as to damages in view of the change in Rule 86 of the Superior Court (1954) effective December 1, 1964. The rule now provides as to reports in references where the findings are not to be final: "If the ultimate finding is for the defendant, the report shall not include any findings of subsidiary facts as to any items of damages."

*Exceptions sustained.*