Turcotte, P.J.
After trial on a three count amended complaint there was a finding for the plaintiff on one count for negligence and one count for breach of warranty of habitability in the amount of $10,648.55 with recovery limited to one count. The trial judge made findings and acted on the defendant’s requests for Rulings of Law. After judgment, the defendant moved to Amend or Alter Judgment and Findings, and for a new trial. His motion was denied.
The defendant claims to be aggrieved by the courts denial of certain requests, the lack of subsidiary findings to support the amount of the judgment on each count, and the denial of his motion.
The report of the judge sets out no evidence; however, it does have attached as an exhibit the findings of the Judge. Those findings make immaterial a majority of the requests denied by the judge.[2] There was no error in denying requests immaterial to facts found. Pemberton Square Operating Company v. Lydon, 292 Mass. 63 (1935); Ablondi v. Chase, 11 Mass. App. Ct. 902 (1981).
Request #1 denied by the court was a request that the judge rule: ‘."The evidence does not warrant a finding for the Plaintiff...” The judge would have been correct in allowing such a request only where there was no evidence to support a finding for the plaintiff. Such a request is the equivalent of a directed verdict injury cases. Jermyn v. Worcester Bus Company, 58 Mass. App. Dec. 45 (1976); Freedman Co. v. North Penn Transfer, Inc., 388 Mass. 551 at 553, note 3 (1983). The Findings indicate there was evidence to support the Finding for the Plaintiff.
Some of the requests though labeled requests for Rulings of Law were in fact requests for Findings of Fact. It was proper to deny them since the judge is not required to make Findings of Fact. The defendant’s claim that he was aggrieved since the judgment of the court is not supported by Findings is also without merit. Dist./Mun. Cts. R. Civ. P., Rule 52 differs from M.R.C.P., Rule 52 in that the latter requires Findings and the former does not.
There was no error in denying the Motion to Alter Judgment and Findings and for a new trial. Such a motion is addressed to the discretion of the judge. Webber v. Johnson, 342 Mass. 455, 457 (1961); Gilman v. Brown, 45 Mass. App. Dec. 184 (1970).
Report Dismissed.

The Appellate Division in some instances is allowed to consider the Findings as evidence. Olofson v. Kilgallon, 362 Mass. 803, 804-805 (1973).