FREDERICK F. TIMMS vs. OLD COLONY STREET RAILWAY
COMPANY.

Plymouth.    March 5, 1903. — April 1, 1903.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Negligence*, On street railway.

The sudden slackening of speed of an electric street car with a little jerk when running in the ordinary way, is not evidence of negligence on the part of the operating company.

TORT for personal injuries from being thrown from the rear platform of an electric street car of the defendant through the alleged negligence of the -defendant's servants, with a second count which is quoted by the court. Writ dated November 11, 1901.

In the Superior Court *Hardy*, J. ruled that there was no evidence to go to the jury, and ordered a verdict for the defendant. The plaintiff alleged exceptions.

*A. F. Barker*, for the plaintiff.

*H. F. Hurlburt & D. E. Hall*, for the defendant.

LATHROP, J. We need not consider in this case whether there was any evidence for the jury that the plaintiff was in the exercise of due care, for we are of opinion that there was no evidence of negligence on the part of the defendant, and that the plaintiff was not entitled to recover on either count of the declaration.

The evidence is that the car was not going at an excessive speed but was running along in the ordinary way, when the speed slackened, and seemed to slacken very suddenly, and there was a little jerk, and the plaintiff, who was standing near the edge of the rear platform, with his body half inside and half outside the line of the car, not holding on to anything, and with one hand in his pocket, pitched off and sustained the injuries complained of.

There is nothing in the evidence to show that there was any defect in the car or in the condition of the rails, and jerks in the

motion of street cars are not unusual. As to the apparent sudden stopping, there is nothing to show that it was not caused by some obstacle appearing suddenly in front, such as a horse and wagon or a person on foot, attempting to cross the track a short distance ahead. See *Byron* v. *Lynn & Boston Railroad,* 177 Mass. 303, and cases cited.

As to the second count, the allegation is that the defendant, " by its servants and agents, so negligently and carelessly managed and operated said car, by the sudden, careless, and negligent stopping of the same, as to cause some object on the rear platform of said car to be thrown violently against the plaintiff with such force as to throw him from the car." We have already disposed of the gist of the allegation, namely, the negligent stopping of the car, and we fail to find any evidence that whatever struck him threw him from the car.

*Exceptions overruled.*