CORA A. HEBBLETHWAITE *vs.* OLD COLONY STREET
RAILWAY COMPANY.

ALBERT E. HEBBLETHWAITE *vs.* SAME.

Norfolk.   January 9, 10, 1906. — June 20, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & SHELDON, JJ.

*Negligence, Res ipsa loquitur.   Street Railway.*

If, in an action against a street railway company for personal injuries, there is evidence that the plaintiff was seated at about the middle of a box car of the defendant which was "going quite fast" when a "big crash" came and the car did not go any farther and a piece of iron came up through the wooden part of the seat between the cushions, that the plaintiff fell over on the iron and then swayed back and fell over on the other side on her right wrist and was injured, and if there is no evidence to show where the piece of iron came from and the defendant does not offer any explanation of the accident, there is evidence for the jury of negligence on the part of the defendant.

MORTON, J.   These two actions were tried and argued together. The first is by a married woman to recover for injuries received by her through the defendant's negligence while a passenger in one of the defendant's cars.   The other is by the husband to recover the amount paid for medical services and other expenses and for loss of consortium.   There was a verdict for the plaintiff in each case.   The cases are here on exceptions by the defendant to the refusal of the judge to rule that the plaintiffs were not entitled to recover, and that there was no evidence of negligence on the part of the defendant.

The female plaintiff's account of the accident was that she took a car between East Weymouth and South Weymouth, that it was a box car and the plaintiff was seated at about the middle of it, and after she had been riding six or seven minutes towards

South Weymouth, the car which was going quite fast came to a sudden stop. "A big crash came and the car did not go any farther, and there was a piece of iron came up about a foot from her; that she fell over on to the piece of iron and then bounded back and came down on her right wrist, striking her left side and elbow; the piece of iron came up through the wooden part of the seat and between the cushions where they come together." She further testified that, " After the iron came up she fell over on to it; when the car gave this sudden jerk, she went over on to it; that she was thrown over on her side but not off the seat; . . . that next after she fell over on to the iron she swayed back and fell over on the other side on her right wrist." She was corroborated by one witness as to the rate at which the car was moving and as to its coming to a sudden stop. But she was contradicted by several witnesses called by the defendant as to her being thrown over on to the iron, or away from it, and was the only witness who so testified. All of the witnesses agreed, however, that a piece of iron came up through the seat, and that the car came to a stop, though all except the plaintiff and one other testified that it was moving slowly when it stopped. There was no evidence as to where the piece of iron came from.

Whether the account given by the female plaintiff of the way in which she received the alleged injuries was correct or not was clearly for the jury. And we think that it was also competent for them to find that the accident was due to negligence on the part of the defendant. The defendant did not offer or attempt to offer any explanation of the accident. The track and the car were under its control, and in the absence of any explanation tending to show that the accident occurred without any fault on its part the jury were warranted in finding that it would not have occurred if the defendant had exercised proper care. *White* v. *Boston & Albany Railroad,* 144 Mass. 404. *Feital* v. *Middlesex Railroad,* 109 Mass. 398. *Uggla* v. *West End Street Railway,* 160 Mass. 351. *Copithorne* v. *Hardy,* 173 Mass. 400. *Savage* v. *Marlborough Street Railway,* 186 Mass. 203.

*Exceptions overruled.*

*Asa P. French,* for the defendant.
*F. P. Garland,* for the plaintiffs.