JOSEPHINE C. MAGEE *vs.* NEW YORK, NEW HAVEN, AND
HARTFORD RAILROAD COMPANY.

Middlesex.   March 5, 6, 1907. — April 1, 1907.

Present: KNOWLTON, C. J., MORTON, HAMMOND, SHELDON, & RUGG, JJ.

*Carrier.   Negligence.   Railroad.   Evidence,* Circumstantial.

It is the duty of a common carrier of passengers to carry those whom it accepts
for transportation so that they shall not suffer any bodily harm which the highest
degree of care and skill consistent with the transaction of the business of the
carrier can prevent.

In an action by a woman against a railroad company for injuries incurred while
being transported as a passenger in a train of the defendant, if the plaintiff testi-
fies that while the train was running at an " extra rate of speed " it came to a
sudden stop within the space of a few feet, that the plaintiff was thrown for-
ward from her seat and her knee was injured by striking the chair in front
of her, that a man in railroad uniform requested all the passengers to get out
of the car, which they did, that a bent bar of iron, which was a part of the
coupling apparatus, was not in the position in which it should have been, that
when the plaintiff after getting out of the car noticed the locomotive and
baggage car they were some distance up the track, that the car in which
the plaintiff was injured was taken out from the train and an older and dust-
covered car was substituted for it, and that, although there was a shed or
small station near by, this was not a scheduled stopping place for the train,
and if none of these things are explained by the defendant, the evidence
should be submitted to the jury, who from this evidence and from the fact

that the accident is unexplained by the defendant have a right to infer that the injury to the plaintiff came from a cause for which the defendant was responsible.

TORT for personal injuries sustained while the plaintiff was travelling between New York and Boston as a passenger in a train of the defendant, near the city of New Haven in Connecticut at about five o'clock in the afternoon of May 29, 1903. Writ dated January 5, 1904.

At the trial in the Superior Court *Aiken*, C. J. ordered a verdict for the defendant, and reported the case for determination by this court. He instructed the jury to assess the damages which the plaintiff should recover if entitled to go to the jury. The jury assessed the damages at $6,000, of which the plaintiff on the requirement of the Chief Justice remitted all in excess of $4,000. The evidence which is held by this court sufficient to have entitled the plaintiff to go to the jury is described in the opinion.

J. W. Allen, (A. Hemenway with him,) for the plaintiff.

C. F. Choate, Jr., for the defendant.

RUGG, J. The only question raised by this report is whether there was sufficient evidence of the negligence of the defendant to warrant a submission to the jury. The case is a close one, but in view of all the circumstances it cannot be said that there was not. A passenger seated in a railroad train has a right to expect transportation without bodily injury. To put the proposition conversely, it is the duty of a common carrier of passengers to carry those whom it accepts for carriage so that they shall not suffer physical harm, unless, in the exercise of the highest degree of care and skill consistent with the transaction of its business, this becomes impossible by reason of unforeseen conditions. When the plaintiff entered into the contract with the defendant to carry her from New York to Boston, and took her place in the seat provided, she was entitled to safe carriage under ordinary conditions. While the train was running at an "extra rate of speed" it came to a sudden stop within the space of a few feet, and the plaintiff was thrown forward from her seat, and injured her knee against the chair in front. There is some evidence that she was insensible for a brief time. As soon as she observed anything, the passengers were gathered

in groups, and all the male passengers got out of the car.  In about five minutes a man in the railroad uniform requested all of the passengers to get out of the car.  Complying with this request, she saw a crowd looking at the front of the car, and several railroad men working there.  A gentleman was pointing out to his little boy a bent bar of iron, which was a part of the coupling apparatus not in the position in which it should have been, and was commenting on the occurrence.  As soon as she noticed the locomotive and baggage car, they were some distance up the track.  The car in which she was riding was taken out of the train, and a much older and dust-covered car was substituted.  There was a shed or small station near by, but it was not a scheduled stopping place of the train.  This combination of circumstances, unexplained, warrants a conclusion that there was an irregularity, amounting to negligence, in the operation of the train, where regularity was to have been expected.  The plaintiff has told all that the ordinary woman passenger in a like plight would be apt to know or have the opportunity to discover respecting the accident.  Her narration of the events conveys a definite conception of specific physical facts, which do not, in the common course of events, happen to a carefully operated train composed of cars in good repair and equipped with safe and adequate appliances.  If the incident occurred by reason of any conditions beyond the control of the defendant, this was peculiarly within the knowledge of the defendant.  But it did not offer any explanation.  In the absence of any such explanation, an inference was justified, that the injury to the plaintiff came from a cause for which the defendant was responsible. *Feital* v. *Middlesex Railroad,* 109 Mass. 398. *White* v. *Boston & Albany Railroad,* 144 Mass. 404. *Griffin* v. *Boston & Albany Railroad,* 148 Mass. 143. *Savage* v. *Marlborough Street Railway,* 186 Mass. 203. *Hebblethwaite* v. *Old Colony Street Railway,* 192 Mass. 295.  The case is distinguishable from *Byron* v. *Lynn & Boston Railroad,* 177 Mass. 303, *Timms* v. *Old Colony Street Railway,* 183 Mass. 193, and *Weinschenk* v. *New York, New Haven, & Hartford Railroad,* 190 Mass. 250, relied upon by the defendant, in that in those cases there was no evidence except a jolt or jar offered to prove the negligence of the defendant.  In and of themselves

these are not unusual and extraordinary conditions of travel. There are several facts in the present case wholly out of the ordinary experience of travel upon railroads. In accordance with the terms of the report, the entry must be

> *Verdict for the defendant set aside, and judgment entered for the plaintiff for $4,000.*