EDITH M. BELL *vs.* NEW YORK, NEW HAVEN, AND HARTFORD
RAILROAD COMPANY.

Middlesex.  November 17, 1913. — April 24, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Negligence*, Railroad, *Res ipsa loquitur.  Actionable Tort.*

Where, at the trial of an action by a woman against a railroad corporation for
personal injuries alleged to have been received by her while a passenger upon a
train of the defendant, there is evidence tending to show that without any warn-
ing the train had come to a standstill at a place where it was not expected to
stop and that the stop was so sudden that the plaintiff, who was sitting "way
back" in her seat with her "head on the back," was thrown forward and moved
to the very edge of her seat and, to protect herself, seized her husband, who was
sitting beside her, by the arm, that the husband was thrown against the seat
in front of him, that passengers who were standing in the aisle were thrown
against the front door, and that because of the shaking up she received the
plaintiff suffered a miscarriage the next night, a finding is warranted that the
shaking up which the plaintiff received was not of the kind incident to or-
dinary travel on a steam railroad, and that her injuries were caused by negli-
gence of the defendant.

Where, at the trial of an action by a woman against a railroad corporation for per-
sonal injuries, there is evidence tending to show that when the plaintiff was a
passenger on a train of the defendant the train stopped so suddenly that she
received a shaking up of a kind not incident to ordinary travel on a steam rail-
road, and shortly afterwards felt pain, that she saw a physician the next day
and that night suffered a miscarriage, and the physician testifies that "the
accident . . . was the cause for the miscarriage.  First, the shaking up, and
second, the nervous shock," a finding is warranted that, due to the shaking
up, the plaintiff received an internal physical injury which, coupled with the
nervous shock, caused the miscarriage, and that an actionable tort was com-
mitted by the defendant.

LORING, J.  The defendant in this case rested on the plaintiff's
evidence and asked the judge * to rule that the plaintiff was not
entitled to recover, and that there was not sufficient evidence to
warrant a finding of negligence.

The evidence was in substance this.  The plaintiff was a passen-
ger on one of the defendant's trains running "express" from
Bridgewater to Brockton, when "without any warning or whistle

---

* *Fox*, J., who, after a verdict for the plaintiff in the sum of $500, reported
the case for determination by this court.

or anything," it came to a sudden stop, and after a few minutes proceeded on its way. Before the stop the plaintiff had been sitting with her husband at her side. She testified that she "was just reclining," that she was "sitting way back on my seat with my head on the back." The sudden stop (so she testified) "gave me a shock and threw me forward, . . . moved me to the edge of my seat." "To protect" herself she put her left hand on the seat in front and with her right hand she "grabbed" her husband's arm. There was evidence from others that the sudden stop "threw everybody in the train," and that some passengers standing in the aisle "were thrown against the front door;" and the plaintiff's husband testified that he "was thrown right against his seat in front of me," and that the plaintiff was "moved" by the sudden stop to the "very edge" of the seat. The plaintiff further testified: "I did not feel any pains until I came pretty near the South Station, and then I felt pains in my abdomen from that time until I arrived home." Her husband testified that he thought that the plaintiff "complained at the time of the occurrence, but the pains were not severe" "until five or ten minutes afterwards." The next day the plaintiff went to see a doctor and at half past ten that night had a miscarriage. The doctor in question testified that in his opinion "the accident she met with on the train was the cause for the miscarriage. First, the shaking up, and second, the nervous shock. . . . I found no marks on her body."

This evidence, if believed, warranted a finding that the shaking up which the plaintiff received was not of the kind incident to ordinary travel on a steam railroad. The case comes within *Work* v. *Boston Elevated Railway*, 207 Mass. 447, where the earlier cases are collected, and *Young* v. *Boston & Northern Street Railway*, 213 Mass. 267, where the later cases are collected. For the latest case see *Rust* v. *Springfield Street Railway*, *ante*, 116.

The defendant contends that in spite of that the plaintiff did not make out a *prima facie* case, and it relies in this connection on that part of the decision in *Timms* v. *Old Colony Street Railway*, 183 Mass. 193, which is stated in these words, at page 194: "As to the apparent sudden stopping, there is nothing to show that it was not caused by some obstacle appearing suddenly in front, such as a horse and wagon or a person on foot, attempting to

cross the track a short distance ahead.    See *Byron* v. *Lynn &
Boston Railroad,* 177 Mass. 303, and cases cited." As we under-
stand the defendant's contention it is that if this statement is
applied in the case at bar the plaintiff failed to make out a case
of negligence because she failed to show that the sudden stopping
of the train in the case at bar was not caused by some obstacle
appearing suddenly in front of it.    The plaintiff's proof that the
jolt in the case at bar was an unusual one took this case out of
the rule of non-liability stated in *Byron* v. *Lynn & Boston Rail-
road, ubi supra.* Where a jolt is proved to have been an unusual
one, a case of negligence is thereby made out and it is not neces-
sary for the plaintiff to go farther (in order to make out a case
of negligence) and show that the jolt was not in the ordinary
course of the operation of the railroad.    There is nothing to the
contrary in the statement made in *Timms* v. *Old Colony Street
Railway,* 183 Mass. 193, 194, relied on by the defendant.

The defendant's second contention is that the case at bar comes
within the doctrine laid down in *Spade* v. *Lynn & Boston Railroad,*
168 Mass. 285, and affirmed when that case was later before this
court.    See 172 Mass. 488.    It is to be noted that the doctor did
not testify (as the defendant has contended) that "the only
history which he received from the plaintiff was her statement to
him that she was frightened."    After testifying on his direct
testimony that in his opinion the cause of the miscarriage was
the accident on the train, the doctor, in answer to a question put
by the defendant on cross-examination, said: "She told me that
she was frightened."    On the doctor's testimony and the facts
testified to, the jury were warranted in finding that the shaking
up of which the plaintiff complained broke or strained some-
thing within her which supported the child, and that that break
or strain coupled with the nervous shock, caused the miscarriage.
If they did so find, it was not a case of "mere fright, fear or
mental distress occasioned by the negligence of" the defendant,
although there were no marks on the outside of the plaintiff's
body, — to state the rule as it was stated when *Spade* v. *Lynn &
Boston Railroad,* 168 Mass. 285, was first before this court.    See
*Steverman* v. *Boston Elevated Railway,* 205 Mass. 508.    Nor does
it come within the rule laid down when that case (*Spade* v. *Lynn
& Boston Railroad*) came before the court the second time.    See

172 Mass. 488. For all consequences of the trifling battery which the plaintiff there suffered she was allowed to recover. What she was not allowed to recover for at the second trial was the fright arising from the whole incident, not the consequences of the battery. See also *Homans* v. *Boston Elevated Railway*, 180 Mass. 456.

By the terms of the stipulation between the parties judgment is to be entered for the plaintiff in the sum of $500; and it is

*So ordered.*

*Joseph Wentworth*, for the defendant.
*W. L. Allen*, for the plaintiff.

