MARIE E. GRAY *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    December 11, 1924. — January 29, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Negligence,* Street railway, Res ipsa loquitur. *Evidence,* Presumptions and burden of proof.

At the trial of an action by a woman against a street railway company for personal injuries received when she was a passenger upon an elevated railway maintained by the defendant, there was evidence tending to show that at the time of the injury the plaintiff was standing in a car so crowded that she was unable to get a seat or to take hold of a strap, that the car "was proceeding along at a fairly good clip" when suddenly it stopped with a "terrible jerk" as if it "must have struck something . . . to have it stop so suddenly"; and that the plaintiff was thrown to and fro and fell, striking her head. *Held,* that

(1) The facts in evidence distinguished the case from those involving injuries alleged to have resulted from sudden stopping of surface street cars on public ways;

(2) There was a duty of explanation resting upon the defendant because the accident was one such as in the ordinary course of things does not happen if those who have the management of the train use proper care;

(3) The evidence required a submission of the case to the jury.

TORT for personal injuries received by the plaintiff while a passenger on an elevated train of the defendant travelling between Dover Street and Northampton Street in Boston. Writ dated April 6, 1922.

In the Superior Court, the action was tried before *Dubuque,* J. The evidence tended to show that the plaintiff was thrown down by a sudden stopping of the train. Her testimony as to the effect of the stop upon her was: "I couldn't stand on my feet at all and it threw me on my back or head. I went down and struck the lower end of my back first, right at the hip joint. I struck the back of my head."

Other material evidence and rulings by the judge, and the terms of his report to this court, are described in the opinion.

*R. L. Chamberlin,* for the plaintiff.

*L. Powers,* for the defendant.

PIERCE, J.   This is an action of tort to recover damages for personal injuries, received by the plaintiff while travelling as a passenger upon an elevated train of the defendant.   At the conclusion of the evidence, on written motion the judge directed a verdict for the defendant and reported the case to this court on the following stipulation of the parties:

" 1. If the order of the court directing a verdict for the defendant was right, judgment is to be entered for the defendant.

" 2. If the order of the court directing a verdict for the defendant was wrong, judgment is to be entered for the plaintiff in the sum of $500."

The reported evidence warranted a finding that the plaintiff, with one Morrison, on February 20, 1922, became a passenger of the defendant at Dover Street, on a train going toward the Dudley Street station; that on entering the car she thought she could get a seat but people crowded so she was unable to do so or to take hold of a strap; that she and Morrison stood near the center door with other passengers, all packed in tight; that the car "was proceeding along at a fairly good clip" when all of a sudden it stopped with a " terrible jerk " as if it " must have struck something . . . to have it stop so suddenly.   There was a noise as though it bumped into something."   It further appeared that the stop threw the plaintiff "\ one way and back the other way," and every one partly out of their seats; those who were standing swayed forward and backward and had all they could do to avoid falling.

The defendant contends that, as there was no direct evidence of negligence of the defendant, the verdict was directed rightly, on the authority of *Timms* v. *Old Colony Street Railway,* 183 Mass. 193, *Weinschenk* v. *New York, New Haven & Hartford Railroad,* 190 Mass. 250, *McGann* v. *Boston Elevated Railway,* 199 Mass. 446, *Work* v. *Boston Elevated Railway,* 207 Mass. 447, *Young* v. *Boston & Northern Street Railway,* 213 Mass. 267, *Rust* v. *Springfield Street Railway,* 217 Mass. 116, and *Stangy* v. *Boston Elevated Railway,* 220 Mass. 414.   The cases relied on largely had to do with accidents to passengers which resulted from the sudden

stopping and starting up of street cars. " The possibility of an electric car giving a jerk is an incident of travel which every passenger must expect." *McGann* v. *Boston Elevated Railway*, 199 Mass. 446, 448. The decisions are based upon the practical application of the rule that street railway companies, and others in the use of the public ways, have and owe toward each other correlative rights and obligations.

The considerations which determined the judgments in the cases cited, and in similar cases, are not applicable where the railroad is operated upon its own private location. *Bell* v. *New York, New Haven & Hartford Railroad*, 217 Mass. 408. *Stangy* v. *Boston Elevated Railway, supra.* In such a case there is a duty of explanation which the defendant must assume if the incident is one such as in the ordinary course of things does not happen if those who have the management of the train use proper care. *Magee* v. *New York, New Haven & Hartford Railroad*, 195 Mass. 111. The evidence should have been submitted to the jury. In accordance with the terms of the report, " judgment is to be entered for the plaintiff in the sum of $500."

*So ordered.*