DOROTHY CUDDYER *vs.* BOSTON ELEVATED RAILWAY
COMPANY
(and a companion case [1]).

Suffolk.     May 14, 1940. — October 29, 1943.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, DOLAN, COX, &
RONAN, JJ.

*Negligence,* Street railway: sudden stop.

A finding of negligence of a street railway company toward a passenger on a crowded street car, who was standing with his feet firmly on the floor and with a firm grasp of the back of a seat, was not warranted by evidence merely that the car went beyond a pole where passengers got on and off cars and then stopped so suddenly and violently as to break the passenger's grasp and throw him off balance, where the accident occurred on a public way on which the street railway company had no exclusive rights and there was no evidence to show the cause of the stop.

TWO ACTIONS OF TORT. Writ in the first case in the Superior Court dated September 28, 1936, and in the second case in the Municipal Court of the City of Boston dated June 24, 1939.

Upon removal of the second case to the Superior Court, the cases were tried before *Leary,* J.

In this court the cases were argued at the bar in May,

---

[1] The companion case was by Michael Cuddyer against the same defendant.

1940, before *Field,* C.J.; *Donahue, Dolan, Cox, & Ronan,* JJ., and afterwards were submitted on briefs to all the Justices.

*J. Lewiton,* (*L. Jablon* with him,) for the plaintiffs.

*S. P. Sears,* (*R. Maguire* with him,) for the defendant.

LUMMUS, J.    The first action is brought by a minor for personal injuries sustained on October 16, 1935, while a passenger on a street car operated by the defendant.    The second action is brought by her father for consequential damages.    The jury returned verdicts for the plaintiffs, but under reserved leave the judge entered verdicts for the defendant. The cases are here on the exceptions of the plaintiffs.

The only question is whether there was evidence of negligence of the defendant.    There was evidence of the following facts.    The plaintiff in the first case was a high school student seventeen years old.    On the day of the accident she boarded an electric street car operated by the defendant, to go to school.    The car was crowded, with about twenty people standing in the aisle.    She stood with a firm grip with one hand through the loop handle on the back of a seat, and with her feet firmly on the floor.    When the car arrived at Vinson Street it made a "very sudden, violent stop," such as she had never seen an electric car make before.    Her hold on the back of the seat was broken, and she lost her balance and fell on a girl standing next to her. As she fell her hand was cut by a pen which that girl was carrying.    The front end of the car went about a car length beyond the pole which indicated the place for a stop to take on or leave passengers.    Another high school student, a boy, who was on the car, testified that the car did not slow down before stopping, that the stop was a very sudden one, thirty or forty feet beyond the pole, that the stop caused standing passengers to sway "with the jolt," and that he himself, though holding on to two seats, "swung off and bounced on the fellow . . . standing next to him," who threw him "up on his feet."    There was no evidence other than the foregoing as to whether the stop was for the purpose of taking or leaving a passenger, or was occasioned by some traffic emergency.

The case is not one in which the unusual character of the

stop was left to be inferred from "mere expletive or declamatory words or phrases," unaccompanied by any evidence "capable of conveying to the ordinary mind some definite conception of a specific physical fact." *Foley* v. *Boston & Maine Railroad*, 193 Mass. 332, 335. *Anderson* v. *Boston Elevated Railway*, 220 Mass. 28, 31. *Desautels* v. *Massachusetts Northeastern Street Railway*, 276 Mass. 381, 384. *Caranicos* v. *New York, New Haven & Hartford Railroad*, 277 Mass. 364. *McKay* v. *Boston & Maine Railroad*, 284 Mass. 606. *Phinney* v. *Eastern Massachusetts Street Railway*, 285 Mass. 207, 209. *Bray* v. *Boston Elevated Railway*, 303 Mass. 379. *Maher* v. *Boston & Albany Railroad*, 304 Mass. 641. Here there was evidence of the firmness with which the plaintiff in the first case was standing, of her firm grasp upon the back of the seat, and of the physical consequences of the sudden stop upon her and others, from which we assume without deciding that the jury might infer that the stop was of such unusual suddenness and violence as to be evidence of negligence, if it was not caused by some traffic emergency. *Bell* v. *New York, New Haven & Hartford Railroad*, 217 Mass. 408. *Weiner* v. *Boston Elevated Railway*, 262 Mass. 539; 540. *Pickard* v. *Boston Elevated Railway*, 267 Mass. 133. *Hallinan* v. *Worcester Consolidated Street Railway*, 273 Mass. 27. *McRae* v. *Boston Elevated Railway*, 276 Mass. 82. *Johnson* v. *Berkshire Street Railway*, 292 Mass. 311. *O'Brien* v. *Bernoi*, 297 Mass. 271, 274.

But although the stop was sudden, unusual and violent, it does not appear that it was not made necessary by some traffic emergency that arose suddenly and could not have been guarded against by due care on the part of the motorman. *Craig* v. *Boston Elevated Railway*, 207 Mass. 548, 551. *Niland* v. *Boston Elevated Railway*, 208 Mass. 476, 477; *S. C.* 213 Mass. 522. The fact that the stop happened near a pole at which passengers were regularly left or taken on does not negative such a traffic emergency. If it had appeared that the stop was due to a collison or impending collision, the nature of the stop without more would not have warranted a finding that the motorman was negligent.

*Sandler* v. *Boston Elevated Railway*, 238 Mass. 148. *McNiff* v. *Boston Elevated Railway*, 234 Mass. 252. *Reardon* v. *Boston Elevated Railway*, 247 Mass. 124. *Froio* v. *Eastern Massachusetts Street Railway*, 247 Mass. 474. *DiLeo* v. *Eastern Massachusetts Street Railway*, 255 Mass. 140. The plaintiffs were in no better situation where the cause of the stop did not appear.

In *Timms* v. *Old Colony Street Railway*, 183 Mass. 193, 194, where a street car stopped suddenly with a jerk, it was held that a passenger could not recover without proof of the cause of the stop. The court said, "There is nothing to show that it [the stop] was not caused by some obstacle appearing suddenly in front, such as a horse and wagon or a person on foot, attempting to cross the track a short distance ahead." This was quoted in *McGann* v. *Boston Elevated Railway*, 199 Mass. 446, 449. In *Conley* v. *Town Taxi, Inc.* 298 Mass. 130, the plaintiff was injured by the sudden and violent stop of a taxicab in which he was riding. In the absence of evidence that the stop was not required by traffic conditions, it was held that a finding for the plaintiff was not warranted.

It is true that in *Black* v. *Boston Elevated Railway*, 206 Mass. 80, 81, 82, the question was left open whether a passenger in a street car, after proving a sudden, unusual and violent stop, must go on to prove that the stop was not made necessary by traffic conditions. There was evidence in that case that "the car was stopped to let passengers get off the car and not to avoid a collision," and it was said that the *Timms* case did not decide the point left open, for in the *Timms* case the stop "was of the kind which is incident to travel on electric cars." And in *Bell* v. *New York, New Haven & Hartford Railroad*, 217 Mass. 408, 410, where a passenger on an express train was hurt because of a sudden and violent stop, the court said that there was nothing in the statement quoted from the *Timms* case to the contrary of the rule which the court laid down in the following words, "Where a jolt is proved to have been an unusual one, a case of negligence is thereby made out and it is not necessary for the plaintiff to go farther (in order to make out a case of negligence) and show that the jolt was not in the ordinary

course of the operation of the railroad." In *Rust* v. *Springfield Street Railway*, 217 Mass. 116, 119, a passenger on an open street car was hurt when the car, which had been running slowly and apparently was about to stop, gave "a sudden terrible jerk," and started forward, throwing her to the street, although she was sitting with her feet firmly on the floor of the car and was holding the back of a seat with one hand. In deciding that the evidence warranted a recovery, the court quoted the following from the opinion in *Magee* v. *New York, New Haven & Hartford Railroad*, 195 Mass. 111, 113: "If the incident occurred by reason of any conditions beyond the control of the defendant, this was peculiarly within the knowledge of the defendant. But it did not offer any explanation. In the absence of any such explanation, an inference was justified, that the injury to the plaintiff came from a cause for which the defendant was responsible." See also *Washburn* v. *R. F. Owens Co.* 258 Mass. 446, 450. In *Warren* v. *Boston Elevated Railway*, 259 Mass. 226, where a passenger in a street car was hurt by a sudden and violent stop which broke her firm hold on a railing, it was held that there was evidence of negligence, although it did not appear what caused the stop except that the car stopped at a cross street and that the plaintiff had signaled for a stop.

In other cases a passenger in a street car has made out a case by showing that the stop was not occasioned by any traffic emergency. In *Weiner* v. *Boston Elevated Railway*, 262 Mass. 539, the plaintiff testified that when the street car in which she was riding stopped suddenly and violently, she looked out the front window and saw that there was nothing on the tracks ahead. This was held sufficient to take the case to the jury. In *Pickard* v. *Boston Elevated Railway*, 267 Mass. 133, 134, the plaintiff was allowed to recover for injury caused by a sudden and violent stop, where the motorman testified that "there was nothing out of the ordinary about the stopping of the car."

In *Gray* v. *Boston Elevated Railway*, 251 Mass. 167, a passenger on an elevated train was injured when it stopped with a "terrible jerk" as if it "must have struck something . . .

to have it stop so suddenly," and with a noise "as though it bumped into something," and the passengers were thrown partly out of their seats. The defendant relied on the *Timms* case, among others, since there was no direct evidence of the cause of the stop. But the court said (page 169), "The considerations which determined the judgments in the cases cited, and in similar cases, are not applicable where the railroad is operated upon its own private location. . . . In such a case there is a duty of explanation which the defendant must assume if the incident is one such as in the ordinary course of things does not happen if those who have the management of the train use proper care."

In the present cases the street car was running, not on a private location or reservation, but on a public street, where it was subject to obstruction by vehicles and pedestrians. There was no evidence that the stop was not caused by such an obstruction. We think that the statements quoted from the *Bell* and *Magee* cases ought not to be applied to a case like the present, where the occurrence happened on a public street where the defendant had no exclusive rights. On the contrary, we think that the statement quoted from the *Timms* case is applicable here, and that there was no error in the entry of verdicts for the defendant under reserved leave. In each case the entry will be

*Exceptions overruled.*