ELLA QUINT *vs.* METROPOLITAN TRANSIT AUTHORITY. December 5, 1960. Exceptions overruled. The plaintiff was injured on June 29, 1951, while a passenger in a street car of the defendant, when the motorman suddenly applied his brakes and stopped the car. The plaintiff was "holding onto the pole at the fare box" and the stop "broke her grip" and caused her to fall. The car was proceeding toward Boston on Commonwealth Avenue and an automobile coming from Boston turned to its left in front of the car to cross a break in the car reservation at Gaffney Street. The plaintiff who saw the automobile testified that when it turned left the car was about twenty feet away and if the car had not stopped "there would have been a collision." There was no evidence that the motorman was negligent and, subject to the plaintiff's exception, the judge directed a verdict for the defendant. The case is governed by *Cuddyer* v. *Boston Elev. Ry.* 314 Mass. 680, 682–683, and cases cited. There is no merit in the plaintiff's exceptions to rulings on evidence.

*Israel Bernstein,* for the plaintiff.

*Arthur J. Learson,* for the defendant.

HELEN T. WYNER *vs.* EDWARD N. WYNER. December 5, 1960. Decree affirmed. We cannot say on the conflicting evidence that the finding of the probate judge that the petitioner had failed to prove justifiable cause for her living apart (G. L. c. 209, § 32) and the award of custody of the five younger children to the respondent were plainly wrong. He saw and heard the parties and other witnesses and talked at length with the children. The respondent's admissions of impulsive acts of slight force do not as a matter of law require a finding of cruel and abusive treatment. The strong implication is that the judge's talks with the six minor children (he being "primarily interested . . . for . . . custody, and only indirectly, if at all, on the merits") were by consent. There was no exception to the procedure or to the judge's subsequent statement. At the close of the case the judge reversed an earlier ruling which, on an assumed medical privilege, had excluded testimony of the respondent's physician. The physician's record was not expressly mentioned in the ensuing colloquy. Even so, it is the fair reading that the petitioner's election to accept the judge's suggestion that the earlier offer of proof stand in lieu of recall of the physician encompassed a waiver of all that might be reopened on recall. No prejudice is shown to the petitioner in this or in the other evidential rulings which were in any case within the judge's discretion.

*Harry M. Lack,* for the petitioner.

*George A. McLaughlin, (John S. Slater* with him,) for the respondent.