## Southern District

### ISABELLE CAMILLO
### v.
### UNION STREET RAILWAY COMPANY

*Present:* Nash, P. J., Callan & Sgarzi, JJ.

Case tried to *Horrocks, J.,* in the Third District Court of Bristol (New Bedford). No. 5762-1953.

*Sgarzi, J.* This is an action of tort in which the plaintiff seeks to recover for personal injuries allegedly sustained while a passenger in one of the defendant's buses on September 24, 1952. There is also a count for consequential damages by Henry Camillo, husband of the plaintiff. The answer is a general denial, allegation of contributory negligence and lack of agency.

The action was entered on April 25, 1953 but was not tried until November 10, 1959. *At the trial there was evidence that* the plaintiff was a passenger on a bus of the defendant company and was seated in the first double seat on the right side. Between this seat and the front of the bus was a long seat with its back to the side of the bus. While travelling south on South Sixth Street in New Bedford and before arriving at the intersection of Wing Street, the bus stopped "short" causing the plaintiff to be lifted from her seat, sliding forward and striking her knee against the seat directly in front of her. There were other passengers in the bus who "swerved" at the same time. There was no evidence as to why the bus stopped suddenly. One witness testified that she saw no cars in front of the bus. The only witness for the defendant was its Claims Manager who testified that the operator of the bus was now a permanent resident of California and was not available for testimony.

The plaintiff saw a physician in New Bedford who treated her in September and October 1952. She went back to him for further

treatment in June 1954 and again in February 1955 when she was also seen by a specialist.

At the close of the evidence the defendant requested the judge to rule (1) the evidence warranted a finding for the defendant and (2) as a matter of law it was not sufficient to warrant a finding for the plaintiff. Both of these requests were denied. The judge granted the following requests made by the plaintiff.

1. The defendant was a common carrier to transport passengers for hire and as such, owed its passengers the duty to use the highest degree of care which was consistent with the nature and extent of its business.

2. The plaintiff became a passenger for hire when she entered the defendant's bus, which created a duty on the part of the defendant or its agents to exercise that highest degree of care heretofore mentioned, so as to prevent injury to the plaintiff.

3. The evidence warrants that the stop made by the bus by reason of which the plaintiff sustained her injury was a sudden and violent stop, and that it was caused in part by the speed that the bus was travelling.

4. Even in the event that the defendant's employee made the sudden stop because of an emergency which presented itself the defendant is not relieved from liability if its agents helped to create that emergency.

6. On all the evidence and on the law the plaintiff is entitled to recover.

The plaintiff's fifth request "The evidence warrants a finding that just before the plain-

tiff's accident the defendant's agent was inattentive" was denied.

█ The judge made special findings of fact the significant portion of which is as follows:

> "The court finds that the stop of the bus was so sudden and violent, that an inference can be drawn that the speed of the bus or the conduct of the defendant's operator must have contributed to the emergency situation, and since the defense has offered no explanation of it, a finding is to be entered for the plaintiff as the plaintiff is entitled to a high degree of care as a passenger for hire."

He found for the plaintiff Isabelle Camillo in the sum of $700 and awarded consequential damages of $90 to her husband Henry Camillo.

The real issue raised by the report is whether the evidence warranted a finding of negligence.

As a carrier of passengers for hire, the defendant owed the plaintiff the duty to use the utmost care consistent with the nature and extent of its business to carry its passengers to their destination in security and enable them to alight there with safety. *Glennen v. Boston El. Ry.*, 207 Mass. 497; *Gardner v. Boston El. Ry.*, 204 Mass. 213; *Carson v. Boston El. Ry.*, 309 Mass. 32; *Holton v. Boston El. Ry.*, 303 Mass. 242.

While some degree of jerking, jolting and lurching are obvious incidents to travel in public conveyances, it has been held that

where a jolt or a lurch is sudden, unusual, violent and beyond common experience it is evidence of negligence. *Carson v. Boston El. Ry.*, 309 Mass. 32; *Work v. Boston El. Ry.*, 207 Mass. 447; *McCarthy v. Boston El. Ry.*, 207 Mass. 551; *Cuddyer v. Boston El. Ry.*, 314 Mass. 680; *Timms v. Old Colony St. Ry.*, 183 Mass. 193.

In the *Cuddyer* case although there was evidence that the stop was sudden, unusual and violent the plaintiff was denied recovery because it did not appear that the stop was not made necessary by some traffic emergency. Likewise in the *Timms* case the plaintiff was denied recovery because there was nothing to show that the sudden stopping was not caused by some obstacle appearing suddenly in front of the car.

In the case of *Black v. Boston El. Ry.*, 206 Mass. 80 however, recovery was allowed because the plaintiff testified that it seemed to her that they were stopping at a regular stop. Distinguishing the *Timms* case, the court held that this was some evidence of the fact that the stop was not made to avoid a collision. The *Timms* case is also distinguished in the case of *Bell v. NY, NH & H RR,* 217 Mass. 408 which says "Where a jolt is proved to have been an unusual one, a case of negligence is thereby made out and it is not necessary for the plaintiff to go farther and show that the jolt was not in the ordinary course of the operation of the railroad." See also *Rust v. Springfield St. Ry.,* 217 Mass. 116.

In the case of *Magee v. NY, NH & H*

*RR,* 195 Mass. 111 the plaintiff passenger was injured as a result of the sudden stop of a railroad train. There was no direct evidence as to the cause of the stop but some time later the plaintiff noticed a number of people looking at the front of the car and a man was pointing out a bent bar of iron to his son. The court said "If the incident occurred by reason of any conditions beyond the control of the defendant, this was peculiarly within the knowledge of the defendant. But it did not offer any explanation. In the absence of any such explanation, an inference was justified, that the injury to the plaintiff came from a cause for which the defendant was responsible."

It would appear from a study of the cases that a mere jolt or lurch in the operation of a bus by a common carrier is not in and of itself evidence of negligence but is regarded as an ordinary incident of travel. However [a] if the jolt or lurch is of unusual severity or [b] if there is evidence that it was not caused by a traffic emergency, negligence may be inferred and the plaintiff establishes a *prima facie* case.

In the instant case the judge found that the stop was so sudden and violent as to support an inference of excessive speed or improper operation. In addition there was evidence that there were no other cars in front of the bus. In these circumstances the plaintiff made out a *prima facie* case of negligence and since the defendant offered no rebuttal evidence the

judge was warranted in making his finding for the plaintiff.

We find no prejudicial error and the report is ordered dismissed.

Donald Zeman of New Bedford, for the Plaintiff.

Charles R. Desmarais and William H. Carey, both of New Bedford, for the Defendant cited: *Cleary v. St. George*, 335 Mass. 240, 249; *Bray v. Boston El. Ry.*, 303 Mass. 379, 380, 381; *Conley v. Town Taxi*, 298 Mass. 130; *Sullivan v. Boston El. Ry.*, 224 Mass. 405, 407; *McCann v. Boston El. Ry.*, 199 Mass. 446; *Sanderson v. Boston El. Ry.*, 194 Mass. 337, 339; *Carson v. Boston El. Ry.*, 309 Mass. 32, 35 (Contains excellent statement).