FANNIE BERGER *vs.*
MASSACHUSETTS BAY TRANSPORTATION AUTHORITY.

Suffolk. February 5, 1969. — April 16, 1969.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & REARDON, JJ.

*Negligence*, Street railway: sudden start, sudden stop.

Negligence of the operator of a street car toward a standing woman passenger who had just boarded the car was not shown by evidence that the car started with a jerk and "she was jerked all around the place," without evidence that she had a firm grip on something [697]; nor was such negligence shown by evidence that immediately afterwards "the car came to a stop with a jerk, real fast" where it appeared that it was being operated on a reservation in a public way and there was no evidence that the stop was not occasioned by some traffic condition [697].

TORT. Writ in the Municipal Court of the Dorchester District dated May 22, 1964.

The action was tried before *DeSaulnier*, J.

*Edward U. Lee* for the defendant.

*Robert W. Cornell*, for the plaintiff, submitted a brief.

REARDON, J. The plaintiff in this action of tort seeks recovery for injuries allegedly sustained by her as a result of the jerking in starting and stopping of a street car in which she was a passenger. Her testimony was that she boarded the street car and with a one dollar bill in one hand rested the other on a coin box. The car, which was being operated in a reservation on Beacon Street, Brookline, started off with a jerk and "she was jerked all around the place; she grabbed onto an upright post with her right hand and bumped her head against the post; . . . before she knew it the car came to a stop with a jerk, real fast." She was thrown in a different direction and "back and forth" but she did not lose her grip on the post. At no time after boarding the car did she make any observation as to "what might be in its path." Nor did she know what, if anything,

caused it to stop. There were fifteen or twenty other passengers in the car, none of whom was seen to be thrown about and none of whom made any complaint to the operator of the car. The defendant moved for a directed verdict, the motion was denied, and the defendant excepted. The jury found for the plaintiff.

The plaintiff's claim is two pronged. We consider, first, her allegations relative to the starting of the car. Evidence of jerking in the starting of a street car does not warrant a finding of negligence even where there is injury unless the jerk appears to be unusual or beyond common experience. Occasional jerks and jolts are a normal incident to riding street cars and some extraordinary force must be shown to make them actionable. *Work* v. *Boston Elev. Ry.* 207 Mass. 447, 448. Accord, *Gollis* v. *Eastern Mass. St. Ry.* 254 Mass. 157, 158. *Binder* v. *Boston Elev. Ry.* 265 Mass. 589, 590. *Seidenberg* v. *Eastern Mass. St. Ry.* 266 Mass. 540, 542. *Carson* v. *Boston Elev. Ry.* 309 Mass. 32, 35–36. *Friedman* v. *Worcester St. Ry.* 326 Mass. 795. *Work* v. *Boston Elev. Ry.*, *supra*, a leading case in this area, holds that it is incumbent on the plaintiff to show negligence on the part of the operator by direct evidence of what he did or by evidence that the jerk was of extraordinary force. *Cutts* v. *Boston Elev. Ry.* 202 Mass. 450, 452, is an example of the first possibility in that a witness testified that he heard the speed lever make a full circle to a point where it hit the "stop," leaving the inference that full power had suddenly been thrown on. *Nolan* v. *Newton St. Ry.* 206 Mass. 384, illustrates the second possibility. There the plaintiff testified that the car started up with such a velocity that it appeared that it was "going to stand right up," an expression which was held to be more than a mere expletive.

It has been held that it is not negligence to start the car before the passenger, as in this case, has reached a seat. *Seidenberg* v. *Eastern Mass. St. Ry.* 266 Mass. 540, 542. Certain cases also hold that verdicts are properly ordered for the defendant carrier where the grip of the passenger

is not firm and is broken by a jerk. *Phinney* v. *Eastern Mass. St. Ry.* 285 Mass. 207, 209. *Mathieu* v. *Springfield St. Ry.* 328 Mass. 13, 15.

In this case the vice in the plaintiff's claim on the starting of the car is that she did not demonstrate that she had a firm grip on anything and the jolt which occurred was not so described as to make it unusual, extraordinary, or of a nature not to be anticipated by her as part of the normal operation of a street car.

The plaintiff's claim on the alleged sudden stopping of the car also seems to lack substance, particularly in the light of *Aronson* v. *Metropolitan Transit Authy.* 340 Mass. 272. There the street car was also traveling in an area on the public way comparable to that in this case. The plaintiff was holding onto a pole when the car was suddenly stopped in a series of two or three jerks, causing the plaintiff to break her grasp on the pole. The court in the *Aronson* case cited the rule set forth in *Cuddyer* v. *Boston Elev. Ry.* 314 Mass. 680, 682–683, stating the burden on the plaintiff to show that the stop was not caused by an impending collision or some condition of traffic requiring it. The plaintiff in this case never mentioned any observation of possible obstacles in the path of the car and testified only that it came "to a stop with a jerk, real fast." This is not enough to take her cause to a jury. *Gray* v. *Boston Elev. Ry.* 251 Mass. 167, is not in point because in that case the defendant's car was traveling on a level removed from other traffic and thus was not susceptible to a collision with automobiles and other vehicles.

*Exceptions sustained.*
*Judgment for the defendant.*