*Northern District*

No. 8393

# IVY SEALEY

## v.

# MASSACHUSETTS BAY TRANSPORTATION AUTHORITY

Argued: Nov. 20, 1975. Decided: Dec. 23, 1975

Case tried to *King, J.,* in the Municipal Court of the Dorchester District. Number: R 7494.

Present: Cowdrey, P.J., Forte, J. and Bacigalupo, J.

**Bacigalupo, J.** The plaintiff, a passenger on a bus operated by the defendant, seeks, in this action in tort, to recover damages for personal injuries allegedly sustained by the negligent operation of the defendant's bus. The trial court found for the plaintiff in the sum of $1,450.

We have been furnished with no explanation for the long delay between the finding for the plaintiff on June 12, 1973 and the allowance of the report on May 27, 1975.

The evidence most favorable to the plaintiff was to the effect that "She was seated about three feet from the rear of the bus and got up and was holding onto a post preparing to get off at the next stop when the bus operator applied his brakes, causing her to be thrown the entire length of the bus from the rear toward the front of the bus thereby striking her head on a post at the front of the bus. She did not know if the bus did or did not collide with any other motor vehicle. A passenger helped her up, and the Cambridge Police conveyed her to the Cambridge City Hospital where four stitches were taken on her upper eyelid";

there also was evidence that the bus was operated on River Street, a public way where "there were no signs or controls governing the bus' direction of travel and he (the operator of the bus) entered the intersection of River and Franklin Streets, Cambridge, after noticing an automobile to his left on Franklin Street slowing down for the Stop Sign on Franklin Street. The bus operator continued to proceed on River Street at twenty miles per hour and did not decrease his speed as he entered the intersection at Franklin Street; but when this car failed to come to a full stop and continued into the intersection in front of the bus, the bus operator applied his brakes immediately and swung the bus to the right and avoided a collision with the other vehicle."

The defendant seasonably filed a number of requests for rulings but in its brief and argument relies only on requests number 11 and 13 which were denied by the trial justice who made no findings of fact.

We agree with the defendant that the denial of request number 13 was error and so we need not consider request number 11. Request number 13 is as follows:

> "If the sudden stop of the bus was due to an impending collision, the nature of the stop without more would not warrant a finding the defendant was negligent. (See *Aronson v. M.B.T.A.,* 340 Mass. 272)."

Once again, we must restate that requirement which has so often been emphasized and clearly enunciated by the Supreme Judicial Court and the several Appellate Divisions to the effect that a trial justice, sitting without a jury, must correctly instruct himself as to the governing principles of law and must pass upon pertinent requests for rulings of law presented to him for this purpose in such a way as to make plain that he has not fallen into error. *Home Savings Bank v. Savransky,* 307 Mass. 601, 603 (1940). If the request states a correct principle of law or relates to factual

situations, which, if found to exist, would be decisive of an issue in the case, the justice is required to grant the request or to state the facts found by him which made the request inapplicable. Failure to do so constitutes reversible error. *Stella v. Curtis,* 348 Mass. 458, 463 (1965). See Articles 17 and 18 LEGALITE. Plaintiff's request number 13 comes within this category.

In *Cuddyer v. Boston Elevated Railway Company,* 314 Mass. 680, 682 (1943) the court said: "But although the stop was sudden, unusual and violent, it does not appear that it was not made necessary by some traffic emergency that arose suddenly and could not have been guarded against by due care on the part of the motorman . . . . If it had appeared that the stop was due to a collison or impending collision, the nature of the stop without more would not have warranted a finding that the motorman was negligent." *Aronson v. Metropolitan Transit Authority,* 340 Mass. 272, 274-275 (1960).

In our opinion, the foregoing is decisive of the issue in the case before us. Defendant's request number 13 appears to be drawn from and based on the law as set forth in *Cuddyer* and reiterated in *Aronson.* The report makes it clear that there was evidence on all matters raised by the request. The evidence concerned factual situations which, if found to exist, would be decisive on the issue of the defendant's negligence. Thus, the defendant was entitled to the ruling requested or to findings that established the irrelevancy or inapplicability of the request. The trial justice made no such findings. Hence, there is no explanation supplied by the justice as to his reason for his denial, of what, in our opinion, was a valid request for a ruling of law. *Caccavaro v. American Motorists Insurance Company,* 355 Mass. 797 (1969); *Luca v. Massachusetts Bay Transportation Authority,* Mass. App. Ct. Adv. S. (1975) 355. See *DiGesse v. Columbia Pontiac Co.,* Mass. Adv. Sh. (1975) 3281 for an excellent review of prior decisions of the Supreme Judicial Court deal-

ing with request for rulings of law of the kind involved in this case.

As the report states that it contains all of the evidence material to the question reported the finding for the plaintiff is vacated and *a finding is to be entered for the defendant.*