Merrick, P J.
This is an action in negligence to recover for personal injuries suffered by the plaintiff-passenger in a fall on a bus operated by defendant Peter Pan Bus Lines, Inc.[1] Following a verdict for the plaintiff, the trial judge allowed the defendant bus line’s motion for judgment notwithstanding the verdict. The plaintiff has appealed that ruling pursuant to Dist./Mun. Cts. R. A. D. A., Rule 8C.
Viewing the evidence in the light most favorable to the plaintiff, Hull v. North Adams Hoosac Sav. Bank, 49 Mass. App. Ct. 514, 515 (2000), the jury could have found that the plaintiff was a passenger on a bus operated by the defendant bus line, which was taking passengers from Worcester, Massachusetts to the Fox-woods Casino in Connecticut. All seats in the bus were occupied and about five passengers, including the plaintiff, were required to ride standing up at the rear of the bus, holding on to a railing. According to a traveling companion of the plaintiffs, the bus driver was operating “very erratically,” was changing lanes and was alternately touching the gas and the brakes while traveling on Route 290, a major highway. The passenger could not see out the front of the bus, however, and could not observe the conditions on the highway surrounding the bus. The plaintiff herself characterized the operation of the bus as fast, although she had no idea of the actual speed of the bus. The plaintiff testified that as the driver was changing lanes, he “mashed on the gas, and then all of a sudden he hit the brakes,” causing the plaintiff to fall to the floor and sustain injury.
1. The standard for appellate review of the allowance of a defendant’s motion for judgment notwithstanding the verdict is whether “anywhere in the evidence, from whatever source derived, any combination of circumstances could be found from which a reasonable inference could be drawn in favor of the” plaintiff. Hanover Ins. Co. v. Sutton, 46 Mass. App. Ct. 153, 166 (1999).
2. The judge allowed the defendant’s motion in reliance upon the settled rule that a sudden, violent action of a common passenger carrier which results in a passenger being thrown to the ground is not, without more, evidence of negligence on the part of the operator. Berger v. Massachusetts Bay Transp. Auth., 355 Mass. 695, 696-697 (1969);Mathieu v. Springfield St. Ry., 328 Mass. 13, 15 (1951); Cuddyer v. Boston Elev. Ry. Co., 314 Mass. 680, 682 (1943). As noted in Cuddyer, the negli *222 gence of the defendant might be inferred where the passenger carrier is operated on the defendant’s private premises, but no such inference arises when the vehicle is operated “on a public street where the defendant had no exclusive rights.” Id. at 685.
3. The plaintiff argues that some inference of negligence may be drawn from the failure of the bus operator to testify. The operator is not a party in this case. Nothing in the record suggests that he was available to the defendant at all, let alone more available to the defendant than he was to the plaintiff. See Grady v. Collins Transp. Co., 341 Mass. 502, 508 (1960); London v. Bay State St. Ry. Co., 231 Mass. 480, 487 (1919); Little v. Massachusetts Northeastern St. Ry. Co., 229 Mass. 244, 247 (1918); Fitzpatrick v. Boston Elev. Ry., 223 Mass. 475, 477-478 (1916); Jones v. Boston & No. St. Ry., 211 Mass. 552, 555 (1912).
4. The plaintiff also argues that 220 CMR 155.02(26), regulating standing passengers on buses,[2] provides in pertinent part: “In no event shall standing passengers be carried for a distance in excess of 20 miles.” It is true that a “violation of a statute or regulation, while not conclusive of civil liability, constitutes evidence of negligence of the person who has violated the statute or regulation as to consequences that the statute or regulation was intended to prevent.” Matteo v. Livingstone, 40 Mass. App. Ct. 658, 659 (1996), citing Perry v. Medeiros, 369 Mass. 836, 841 (1976). Certainly, the regulation appears designed to prevent accidents of the type involved here. The difficulty, however, is that the plaintiff did not request that the judge take notice of the regulation, pursuant to G.L.c. 30A, §6, to introduce it into evidence or to include it as part of the judge’s charge. The violation of the regulation, as such, could not be used to justify the jury’s verdict.
However, the same common sense factors that persuaded the regulators to write the regulation could have been considered by the jurors in their decision. It is not unreasonable to infer that there are dangers in requiring passengers to stand during a long drive on a high speed highway that would not be present during the operation of the vehicles on urban streets, as described in the old cases. If, as the cases suggest, it is foreseeable that situations other than the negligence of the bus operator can arise to cause a sudden movement on the road, then a jury could find that the defendant was negligent in exposing the plaintiff and other passengers to those conditions on a high speed highway, while requiring them to stand.
The allowance of the defendant’s motion for judgment notwithstanding the verdict is vacated. Judgment is to be entered in accordance with the jury’s verdict for the plaintiff.
So ordered.

 The action was also brought against “John Doe,” representing the driver of the bus. The plaintiff has learned of the driver’s identity, but has not amended the complaint or served an individual defendant, apparently because the driver has long since left the defendant bus line’s employ and his whereabouts are not known. The complaint should be dismissed as to the defendant “John Doe.”

 The Regulation states: (26) Standees. Passengers in excess of 25% above the seating capacity of a motor bus shall not be habitually carried where the inside length of the bus is less than 23, or the inside height is less than 74”, or the width of the aisle is less than 16”. Passengers in excess of 40 percent above the seating capacity of a motor bus shall not habitually be carried where the dimensions are in excess of the foregoing. Where the number of passengers regularly exceeds these excess numbers of passengers, it shall be the duty of the owner to furnish additional vehicles to carry such passengers. In no event shall standing passengers be carried for a distance in excess of 20 miles. All standees on the bus must stand behind the standee line.”