JEANETTE D. ANDERSON *vs.* PETER PAN BUS LINES, INC., & another.[1] No. 01-P-96. December 4, 2002. *Negligence, Bus. Practice Civil*, Judgment notwithstanding verdict.

Jeanette D. Anderson, the plaintiff, fell and hurt herself on a bus operated by the defendant Peter Pan Bus Lines, Inc. (Peter Pan). The trial of her negligence action against Peter Pan poses the question whether there was sufficient evidence of negligence to take the case to the jury, which had returned a verdict of $22,600 in favor of the plaintiff.

Taking the evidence in the light most favorable to the plaintiff (*McAvoy* v. *Shufrin*, 401 Mass. 593, 596 [1988]; *Hull* v. *North Adams Hoosac Sav. Bank*, 49 Mass. App. Ct. 514, 515 [2000]), the jury of six sitting in the District Court were warranted in finding the following facts. Seats were oversold on a charter bus trip that Peter Pan ran on November 16, 1996, from Worcester to the Foxwoods casino in Connecticut. This was the second leg of a trip that had originated in Lowell and there had been a change of vehicles in Worcester. Along with three or four other passengers, the plaintiff was obliged to stand because there were not enough seats for everyone allowed aboard. The plaintiff fell when the bus, which was cruising on an interstate highway at limited access highway speed, made erratic movements, accelerating to change lanes, then braking, and, consequently, decelerating abruptly. Anderson suffered minor injuries.

At the conclusion of the plaintiff's case, Peter Pan moved for a directed verdict. The judge denied that motion.[2] In closing argument, the plaintiff's counsel focused on the frequent lane changing, speeding up, and slowing down of the bus. Counsel added that the plaintiff should have had a seat because she paid for one. After the jury returned their verdict, Peter Pan moved for judgment notwithstanding the verdict on the basis of a line of cases of which *Cuddyer* v. *Boston Elev. Ry.*, 314 Mass. 680, 682-685 (1943), is an

---

[1]John Doe, a pseudonym for the driver of the bus involved in the case.

[2]Peter Pan introduced no evidence after the plaintiff rested.

exemplar. The trial judge allowed that motion and a judgment was entered for the defendant.

The *Cuddyer* opinion requires a passenger in a public conveyance who is injured because of its sudden and violent stop to prove that the unusual movement was not the consequence of a traffic emergency against which the driver (or motorman), in the exercise of due care, could not have guarded. *Id.* at 682. The *Cuddyer* line of cases seems antique insofar as it places a burden on the plaintiff of disproving an affirmative defense, as to facts peculiarly within the knowledge of the defendant. If something on the road required sudden evasive action, the driver, not the passenger, would know about it. In the instant case, Peter Pan had discharged the driver and his whereabouts were unknown. We need not, however, as will appear, tackle the question of whether the *Cuddyer* line of cases still has vitality.

Anderson appealed the adverse judgment to the Appellate Division of the District Court for the Northern District. At that stage of the case, different counsel for the plaintiff called to the attention of the court, as evidence of negligence, 220 Code Mass. Regs. § 155.02(26) (1994), which, in pertinent part, provides: "In no event shall standing passengers be carried for a distance in excess of 20 miles." Correctly, the Appellate Division declined to consider evidence that had not been offered at trial.

In reviewing the allowance of a motion for judgment notwithstanding the verdict, however, it was the task of the Appellate Division to consider whether "anywhere in the evidence, from whatever source derived, any combination of circumstances could be found from which a reasonable inference could be drawn in favor of the plaintiff." *Kelly* v. *Railway Exp. Agency, Inc.*, 315 Mass. 301, 302 (1943). *Freemen* v. *Planning Bd. of W. Boylston*, 419 Mass. 548, 550, cert. denied, 516 U.S. 931 (1995). *Hall* v. *Horizon House Microwave, Inc.*, 24 Mass. App. Ct. 84, 89-90 (1987). *Moose* v. *Massachusetts Inst. of Technology*, 43 Mass. App. Ct. 420, 421-422 (1997). The Appellate Division decided that a jury, on the basis of "common sense factors," could find that having passengers standing on a bus traveling at high speed on a long drive constituted negligent operation by a bus line. Accordingly, the Appellate Division vacated the judgment for the defendant and reinstated the judgment for the plaintiff based on the jury verdict. From that judgment Peter Pan has appealed.

On the subject of negligence, the trial judge instructed the jury as follows:

> "The standard of care in negligence cases is how a person of reasonable prudence would act in similar circumstances.

> "To flesh that out for you. The law defines negligence as the failure of a person to exercise that degree of care which a reasonable person would exercise in the circumstances. Negligence is doing something that a reasonably prudent person in the ordinary course of events would not do or failing to do something that a reasonable person of ordinary prudence would do.

> "The classic definition of negligence is: Negligence is the failure of a responsible person, either by omission or by action, to exercise that degree of care, diligence, and forethought, which, in the discharge of

the duty then resting on him or her, a person of ordinary caution and prudence ought to exercise under the particular circumstances. It is a want of diligence commensurate with the requirement of the duty at the moment imposed by the law. The mere happening of an accident is not proof of negligence."

That was a correct instruction, and neither party objected to it.

Often, a jury requires assistance from expert witnesses as to what amounts to reasonable care or a want of reasonable care. Such is typically the case, for example, in an action claiming malpractice on the part of an architect, engineer, lawyer, or physician. *Atlas Tack Corp.* v. *Donabed*, 47 Mass. App. Ct. 221, 227 n.4 (1999). Questions about the design of a motorcycle or a pharmaceutical compound are additional illustrations. *Daubert* v. *Merrell Dow Phamaceuticals, Inc.*, 509 U.S. 579, 592-593 (1993). Whether a bus line has exercised reasonable care in all the circumstances if it has passengers standing on a bus traveling at high speed over a long distance is the sort of question that a jury, correctly instructed about general principles of negligence and applying ordinary life experience and good sense, can decide. See *Thomas* v. *Tom's Food World, Inc.*, 352 Mass. 449, 451 (1967) (jury could decide that a greasy loading ramp set at a forty-five degree angle was unsafe); *Upham* v. *Chateau de Ville Dinner Theatre, Inc.*, 380 Mass. 350, 355-356 (1980) (jury could consider whether theater had taken reasonable care to light stairs, particularly for a group of elderly patrons); *McInnis* v. *Tewksbury*, 19 Mass. App. Ct. 310, 313 (1985) (jury could determine whether sawdust in a long jump pit was deep enough to be safe). The Appellate Division was right in reinstating the verdict.

*Decision and order of Appellate Division affirmed.*

*Philip J. Shine* for the defendants.

*Michael C. Najjar* for the plaintiff.